JACOB H. LOUD & another *vs.* JOEL M. HOLDEN & another.

The assignees of an insolvent debtor are entitled to be allowed in their account the amount
of taxes assessed upon real estate held by them as such, and paid by them after their
removal; even if such payment is made at the request of one who has purchased the land
from the new assignees with notice that he must pay the taxes, and who has given a
bond of indemnity to the first assignees.

BILL IN EQUITY by the former assignees in insolvency of William L. Finney and Henry Finney, under *St.* 1838, *c.* 163, § 18, to obtain the allowance in their final account of the sum of $160.44, paid by them to the collector of the town of Plymouth, for taxes assessed to them in due form in 1856 and 1857, upon real estate held by them as assignees, which the commissioner of insolvency had disallowed. Hearing in Plymouth, at May term 1859, before *Hoar,* J., who reported the following case for the decision of the full court:

The plaintiffs were chosen assignees on the 10th of October 1855, and the interest of the insolvents in the real estate assessed was vested in them, as assignees, until the 2d of June 1857, when they were removed, and the defendant Holden was appointed in their place. Possession of a considerable portion of the property thus assessed was recovered by the plaintiffs, as assignees, by judgments of this court in 1856 and 1857.

Abiathar Hoxie and others purchased of Holden, assignee, a portion of this land at public auction, and took a deed thereof on the 21st August 1857. The defendants offered to show that, at the auction sale, it was declared by the assignee, that the purchasers would take the land subject to the unpaid taxes for 1856 and 1857. But the judge excluded the evidence.

The plaintiffs paid the taxes in question on the 25th of February 1858. The defendants offered to show that they paid them at the request and for the benefit of said Hoxie and others, who purchased a portion of the land described in the valuation of the year 1857, and who gave the plaintiffs a bond of indemnity. But the judge ruled that if the plaintiffs would

otherwise have been justified in paying said taxes on real estate, the bond of indemnity could make no difference.

The defendants contended that said taxes on real estate were illegal and void, because one sixth part of said taxes was not assessed upon the polls as required by law. But as it was not contended that the plaintiffs were aware that the tax was illegal, when said taxes were paid, the judge ruled that such illegality in the assessment, not known to the plaintiffs, would not bar their right to be allowed the same in their account.

*E. Ames*, for the plaintiffs.

*C. G. Davis*, for the defendants.

SHAW, C. J. The taxes on the real estate of the insolvents were legally assessed to the assignees. By force of the assignment they became the legal owners. This legal title they asserted, and had judgment on it for the whole or greater part of the estate. The title of the insolvents was devested, and no one but the assignees could be assessed for it as owners.

Perhaps it is not necessary to determine whether the assignees would have been liable to arrest under the tax acts; the estate was by law charged with the taxes as a lien; and if the estate was worth more than the taxes, which we might presume in the absence of proof, it was the duty of the assignees to pay the taxes and redeem the estate for the benefit of creditors and others interested in it. The rejected item must be allowed.　　　　　　　　　　　*Decree for the plaintiff.*