THE CHICAGO & GRAND TRUNK RAILWAY COMPANY v.
CHARLES D. HOUGH, HIGHWAY COMMISSIONER, AND
JOSEPH R. HODSON, CLERK, OF TOWN-
SHIP OF ATTICA.

*Highway—Crossing railroad—Railroad company entitled to "just compensation"—Which includes expense of cattle-guards, fencing, etc., necessary to complete approaches—Besides cost of maintaining them.*

Where a highway is laid out across a railroad, the railroad company is entitled to include in its damages to be paid by the township the expense of cattle-guards, fencing, and other outlays to complete the approaches, besides the cost of maintaining them; and a statute which imposes *this* expense upon the railroad company is in conflict with the constitutional provision forbidding the taking of private property without "just compensation."

*Certiorari* to highway commissioner to review proceedings in laying out a highway.

Argued April 29, 1886.   Proceedings reversed June 10, 1886.   The facts are stated in the opinion.

*William T. Mitchell*, for petitioner.

*Geer & Williams*, for respondents.

CAMPBELL, C. J.   The *certiorari* in this case brings up the proceedings had to lay out a local highway across the railway of plaintiff; and, in addition to some irregularities and defects in the action of the commissioner, is based on his refusal to consider the damages which will accrue by the opening and maintenance of the highway, beyond the nominal sum of one dollar, at which he fixed the value of the land taken.   He ruled out testimony which showed that the company would be put to an expense of over $180 for fencing, cattle-guards, and other outlays to complete the approaches, besides the cost of maintaining them.   This he did

on the ground that, under the statute, this outlay must be made by the company.   Laws 1883, pp. 177, 178.

This was the precise point decided in *People v. Lake Shore & M. S. Ry. Co.*, 52 Mich. 277, under the same section before it was amended in 1883.   That decision was made after the law of 1883 was passed, and of course was not known to the Legislature.

The law of 1883 differs only in making express provision for awarding as damages the value of the land used for the crossing, but it retains the provision requiring the railroad to open and maintain, at its own expense, the highway and approaches, and the fences and cattle-guards made necessary by the crossing.

The damage to a railroad company by running a highway across it does not spring, to any considerable extent, from the mere fact of crossing, but from the additional outlay required in avoiding the perils of a crossing.   The statute in question not only makes no provision for this, but imposes upon the railroad company the entire expense and duty of opening, completing, and maintaining the highway itself, and all the approaches and guards and fences.   As shown in that case, this is imposing upon the private property of the company more than its proportionate share of a public burden, which can be of no possible use to it.   The constitution expressly forbids any appropriation of private property without "just compensation."   There is no power in the Legislature to create any exception to this rule, and nothing is just compensation which does not make good all the pecuniary loss or outlay occasioned to the owner by the appropriation of his property.   The rule is elementary and thoroughly established that, in imposing the burden of such works on the proper taxing district, it cannot be charged arbitrarily, but each must contribute his proper ratable share of the charge and no more.   If a railroad interferes with an existing highway, it must bear all the expense of crossing and restoring the highway as far as practicable to safe condition, and the fencing and cattle-guards are necessary for that purpose.   But, as pointed out in 52 Mich. 277, when a new

highway is created, then it belongs to those who create it to bear the expense of making the crossing in the condition necessary to meet all the expense and danger which it occasions.

This same doctrine was recognized and laid down in determining the rights of a railway to compensation, on proceedings to lay a way across it, in *Grand Rapids v. G. R. & I. R. R. Co.*, 58 Mich. 648, where the measure of damages was enforced as herein suggested, and the mere value of the land was held inadequate. We have no doubt of the power of the public to lay highways where needed, but the rule of damages must in all cases be similar, and must work "just compensation."

The proceedings must be reversed, but without costs, as the officer no doubt acted in good faith.

The other Justices concurred.