PEOPLE ex rel. HAGERTY v. McCLELLAN, Mayor, et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. CERTIORARI—QUASHING WRIT BEFORE RETURN.

Where a writ of certiorari shows on its face that it is insufficient in law, and that it does not lie to review the acts complained of, the court granting the writ has the power to quash it before the return.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 153.]

2. SAME—NOTICE TO QUASH WRIT—SIGNATURE OF ATTORNEY—SUFFICIENCY.

A motion to quash a writ of certiorari to review the act of the board of estimate and apportionment in directing the taking of land for a bridge approach, etc., is sufficiently signed by the corporation counsel as such, and not as attorney for the board; New York City Charter, Laws 1901, p. 407, c. 466, making the corporation counsel attorney for the various boards of the city, and section 973 making it his duty to institute proceedings to acquire title to land for streets, etc., on the direction of the board.

3. SAME—PROCEEDINGS BY BOARD OF ESTIMATE AND APPORTIONMENT—RIGHT TO REVIEW.

As New York City Charter, Laws 1901, p. 405, c. 466, § 970, which authorizes the city to acquire title to land for streets, etc., and which empowers the board of estimate and apportionment to direct the same to

be done where it shall deem it for the public interest, vests absolute discretion in the board, without prescribing the manner in which that discretion shall be exercised, its act in directing the taking of land is not reviewable on certiorari within Code Civ. Proc. § 2120, authorizing the issuance of the writ where it may be issued at common law.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 35.]

**4. SAME.**

The act of the board of estimate and apportionment in directing the taking of land for a street, etc., constitutes merely an authority to institute proceedings for the condemnation of the land, and the act is not reviewable on certiorari on the ground that it is a taking of property without due process of law.

Appeal from Special Term, Kings County.

Certiorari by the people, on the relation of Charles Hagerty, to George B. McClellan, mayor, and others, composing the board of estimate and apportionment of the city of New York, to review the acts of the board in providing for a bridge approach and laying out a public place. From an order quashing the writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and MILLER, JJ.

Oscar A. Campbell (Charles W. Philipbar, on the brief), for appellant.

James D. Bell, for respondents.

MILLER, J. The relator appeals from an order of the Special Term quashing a writ of certiorari issued to review the acts of the respondents in respect to the matter of providing for a bridge approach and laying out a public place. The appellant insists that a motion to quash cannot be made at Special Term, and that, in any event, such a motion could not be made before the return. The motion is made solely upon the writ on the ground that it is insufficient in law, and that certiorari does not lie to review the acts complained of. If this appeared upon the face of the writ, neither the petition nor return was necessary, and the court having the power to grant the writ undoubtedly had the power to quash it.

It is also objected that the notice of motion to quash is signed by the corporation counsel as such, and not as attorney for the respondents. This objection appears to be frivolous, especially as the corporation counsel is made by the charter the attorney and counsel for the city and the various boards and officers, and is specially charged with the duty by section 973 of instituting proceedings to acquire title to land for street openings, etc., upon the direction of the board of estimate and apportionment. Laws 1901, p. 407, c. 466. Section 970 (page 405) of the charter authorizes the city of New York "to acquire title for the use of the public to all or any of the lands required for streets, parks, approaches to bridges," etc., and by the same section it is provided: "The board of estimate and apportionment is authorized to direct the same to be done whenever and as often as it shall deem it for the public interest so to do." While it does not clearly appear by the writ whether such a direction has actually been given, it is clear that the acts sought to be re-

viewed relate to the giving of such direction, and for the purposes of this appeal we may assume that it has been done. The writ alleges that the respondents acted illegally, arbitrarily, and against the Constitution of the United States. The statute does not provide the requisites for action by the board of estimate and apportionment. The Legislature has simply clothed the board with the power to direct that title to land required for the public purposes enumerated be taken "whenever and as often as it shall deem it for the public interests so to do." The proceedings subsequent to such direction are carefully regulated and guarded by the statute, and in such proceedings every person affected has an opportunity to be heard.

The appellant insists that the writ could have issued at common law, and that therefore it is authorized by subdivision 2 of section 2120 of the Code of Civil Procedure. No authority applicable to the question here has been cited in support of that proposition, and we have been able to find none. Had the statute prescribed any formalities necessary to be observed before the giving of such a direction, the regularity of the proceedings could undoubtedly be inquired into by certiorari; but as the statute has absolutely vested discretion in the board of estimate and apportionment without prescribing the manner in which that discretion shall be exercised, its exercise is not the subject of review by certiorari.

It is claimed that the acts sought to be reviewed constitute a taking of the petitioner's property without due process of law, but no reason is assigned in support of this assertion. The act of the board constitutes merely an authority to institute the proceedings. Thereupon the corporation counsel is required, upon notice given in the manner prescribed, to make application to the Supreme Court for the appointment of commissioners of estimate and assessment. On such an application the parties interested are entitled to be heard. In case the court appoint commissioners, their proceedings are carefully prescribed, and their determination is subject to confirmation by the court.

As it clearly appears, therefore, upon the face of the writ, that no question for review was presented, a motion to quash before the court issuing the writ was proper, and the order should be affirmed, with $10 costs and disbursements. All concur.