CITY OF GRAFTON, A CORPORATION, V. ST. PAUL, MINNEAPOLIS AND MANITOBA RAILWAY COMPANY, A CORPORATION, AND GREAT NORTHERN RAILWAY COMPANY, A CORPORATION.

Opinion filed Aug. 9, 1907. Rehearing denied Oct. 26, 1907.

**Municipal Corporation — Laying out Streets — Power to Determine the Necessity of Improvements.**

1. In an action by a municipality to condemn property for street purposes, it is unnecessary to allege or prove the public necessity for such street. The power to determine this question has been expressly delegated to the legislative department of such municipalities, and its determination is conclusive. The only question of necessity for the court to determine is as to whether the particular property sought to be condemned is necessary for such public use.

**Same — Municipal Ordinance — Evidence.**

2. The city council of respondent city passed an ordinance declaring it necessary to extend one of its streets across appellant's right of way in such city, and it is held that such ordinance was properly received in evidence; the same being competent for the purpose of proving the official determination by the council of the necessity for the crossing.

**Same — Damages.**

3. In such action the railway companies are not entitled to recover damages for structural changes, such as grading, approaches, planking crossing, etc., made necessary by the opening of such street; the duty of making such changes being required by statute enacted under the police power of the state. Section 14, art. 1, of the Constitution of this state, which provides that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner," does not require the allowance of such items of damage.

The rule for determining damages in such cases is that the railroad company shall be compensated for the diminution in value of its exclusive right to the use, for railway purposes, of the property sought to be condemned, caused by the existence and use of the street.

**Evidence — Ordinance.**

4. An ordinance may be proved as to its contents as well as to its passage by the council, by the introduction in evidence of the original record of such ordinance properly identified as such.

**Eminent Domain — Pleading.**

5. Under section 7592, Rev. Codes 1905, the complaint in such action need not allege the public necessity for the crossing sought to be opened.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by the city of Grafton against the St. Paul, Minneapolis & Manitoba Railway Company and others. Judgment for plain-tiff, and defendants appeal.

Affirmed.

*Murphy & Duggan,* for appellants.

The necessity of condemnation is determined by the courts. Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570.

Compensation must be made for grading and planking required by the improvement. State v. Shardlow, 46 N. W. 74; In re Open-ing First St., 26 N. W. 159; State v. District Court, 44 N. W. 7; Chicago Ry. Co. v. Hough, 28 N. W. 532; In re.City Grand Rapids v. Grand Rapids Ry. Co., 33 N. W. 15; Commissioners of Parks v. Michigan Cent. Ry. Co., 51 N. W. 447 and 934; Commissioners of Parks v. Detroit, etc., Ry. Co., 52 N. W. 1083; City of Grand Rapids v. Bennett, 64 N. W. 585; People v. Lake Shore Ry. Co., 17 N. W. 841; Village of Plymouth v. Pere Marquette Ry. Co., 102 N. W. 947.

*Gray & Casey,* for respondents.

The necessity for a public improvement is a political, not a judicial question. Los Angeles v. Waldron, 3 P. 890; 1 Pac. 883; Ill. Cen. R. Co. v. City of Chicago, 30 N. E. 1044; Ill. Cent. Ry. Co. v. City of Chicago, 28 N. E. 740; Chicago & N. W. Ry. Co. v. City of Chicago, 29 N. E. 1109; Chicago & N. W. Ry. Co. v. City of Morrison, 63 N. E. 96; Chicago & N. W. Ry. Co. v. Chicago, 37 N. E. 842; Pittsburg, etc., Ry. Co. v. Sanitary Dist., 75 N. E. 892; Lynch v. Forbes, 37 N. E. 437; Bennett v. City of Marion, 76 N. W. 844; Barrett v. Kemp, 59 N. W. 76; Knob-lauch v. City of Minneapolis, 57 N. W. 928; Fairchild v. City of St. Paul, 49 N. W. 325; Warner v. Town of Gunnison, 31 Pac. 238.

The measure of damage is without reference to expenditures to comply with police regulations in regard to street crossings. Chicago & N. W. Ry. Co. v. City of Chicago, 29 N. E. 1109; Chi-cago & N. W. Ry. Co. v. Cicero, 41 N. E. 640; Illinois Cent. Ry. Co. v. City of Chicago, 48 N. E. 492; Illinois Cent. Ry. Co. v. Town of Normal, 51 N. E. 781; Chicago, B. & Q. Ry. Co. v. Chi-cago, 37 N. E. 78; Chicago & A. R. Co. v. City of Pontiac, 48 N.

E. 485; City of Albia v. C. B. & Q. Ry. Co., 71 N. W. 541; People v. B. & A. Ry. Co., 70 N. Y. 569; Albany N. R. Co. v. Brownell, 24 N. Y. 325.

City ordinance book, properly identified, is prima facie evidence of the existence of the ordinance. 17 Cyc. 298; Metropolitan St. R. Co. v. Johnson, 16 S. E. 49; Mayer v. Swink, 16 S. W. 76; Eichenlaub v. City of St. Joseph, 21 S. W. 8; Merced Co. v. Fleming, 43 Pac. 392; San Diego v. Siefert, 32 Pac. 644; Linsay v. City of Chicago, 3 N. E. 443; Prell v. McDonald, 7 Kan. 426.

Plaintiff's complaint was sufficient. City of Lidgerwood v. Michalek, 12 N. D. 348, 97 N. W. 541; Cal. Southern Ry. Co. v. Southern Pac., 7 Pac. 123; City of Los Angeles v. Waldron, 3 Pac. 890.

Fisk, J. The respondent, the city of Grafton, brought this action against the appellant in the district court of Walsh county; the object being to condemn for street purposes a certain strip of land across appellants' right of way within the corporate limits of respondent city. After plaintiff rested its case in chief, defendants moved for a dismissal of the action upon the ground that plaintiff had totally failed to show any public necessity for condemning the property in question, which motion was denied. And at the close of all the testimony they moved for a dismissal of the action upon the same ground, which motion was denied; the court holding that plaintiff was entitled to have said property condemned as prayed for. Thereupon the trial court, on motion of the plaintiff, directed the jury to return a verdict in defendants' favor for nominal damages merely, and from an order denying defendants' motion for a new trial this appeal is taken.

The defendants, by their answer, attempt to put in issue the question of the necessity for the opening of said street across such right of way. They also allege that the damage which they will suffer by the opening of such street will be the sum of $500, and that the property sought to be condemned is of the value of $500. Plaintiff introduced in evidence a plat of that portion of the city of Grafton surrounding the point of the proposed crossing. It also introduced a record of an ordinance passed by its city council prior to the commencement of the action, purporting to open Fourth street in said city across defendants' right of way, being the crossing sought to be condemned. Numerous errors are alleged

by appellants as grounds for a reversal of the order appealed from, but they relate principally to the questions of the necessity for the opening of said street crossing and to the damages to which defendants are entitled in case the street is opened. Appellants assert that there is no sufficient evidence in the case to establish that any necessity exists for the condemnation of the property in question. Appellant's contention, in brief, is that the power to determine the necessity for taking property under the eminent domain statute is in all cases vested in the courts, and that the action of the city council in passing the ordinance above mentioned was incompetent to prove the issue as to the necessity for the taking of the property sought to be condemned. It is respondent's contention that the power of determining the necessity for opening, laying out, and extending streets and alleys within a municipality has been expressly delegated by laws to municipalities, and that "when a city or town decides for itself—as it may do—that a street is desirable it is not bound to prove that such street is necessary, but only that the taking of the property it seeks to condemn is necessary for laying out or extending such street or alley. That when it shows that the use to which the property is to be adapted is a public use, the inquiry on such point is closed." And it relies upon subdivision 3, section 7575, and subdivision 68, section 2678, Rev. Codes 1905. We are convinced that the question of the expediency or public necessity for extending this street across defendants' right of way was a question exclusively for the city council to determine, and that its determination is conclusive. It is, of course, an entirely different question as to whether the property sought to be condemned is necessary for the purpose of extending such street. This question is one exclusively for the court to determine in the condemnation proceedings.

If the distinction between the necessity for the exercise of the power and the necessity for the taking of the specific property sought to be condemned is kept in mind, but little difficulty will be encountered in properly understanding the correct rules as enunciated by the authorities. The former question is usually a political or legislative question, while the latter is always a judicial question, or one in which the person's or corporation's decision is subject to review by the courts. Our statute on eminent domain, being chapter 36 of the Code of Civil Procedure (Rev. Codes 1905), is very similar in its provisions to those found in the

Code of Civil Procedure of California, and was, no doubt, borrowed from that state. The Supreme Court of California construed such statute in City of Pasadena v. Stimson, 27 Pac. 604, 91 Cal. 238, and the construction contended for by respondent was adopted. We quote: "The legislature has defined the public uses for which private property may be taken, and, among others, 'sewerage of any incorporated city * * * or of any village or town.' * * * When a city or town decides for itself, as it may do, that a sewer is desirable, it is not bound to prove that such sewer is necessary, but only that the taking of the property it seeks to condemn is necessary for the construction of the sewer. When it shows that the use to which the property is to be applied is a public use (and that is shown by the statute in this case), the inquiry on that head is closed." Again, in Los Angeles v. Waldron, 3 Pac. 890, 65 Cal. 283, that court, in speaking upon the question under consideration here, took occasion to say: "In a proceeding to condemn property for the use of a city, it is not necessary to allege that the property sought to be condemned was necessary for some municipal or public use. The question of the necessity existing at the time of the passage of an ordinance therefore was for the council to determine, and its determination is made manifest by the passage of the ordinance." See, also, City of Los Angeles v. Waldron (Cal.) 1 Pac. 883, and San Francisco Ry. Co. v. Leviston, 66 Pac. 473, 134 Cal. 412; Santa Ana v. Harlin, 99 Cal. 538, 34 Pac. 224.

Counsel for appellants cite and rely upon Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570. In that case, Judge Corliss, in writing the opinion, used some language which might be construed, when standing alone, as supporting appellants' contention. He said: "In this state the legislature has seen fit to take it out of the power of any person or corporation to settle the question of necessity, and to trust the determination of that issue to the judicial branch of the government." This broad statement of the rule was no doubt correct, as applied to that case, which was an action by a railway company to condemn certain property for the purpose of changing the course of a stream; but it is not applicable to a case such as the one at bar, where a municipality seeks to extend a street across a railroad right of way. In the case cited, the decision was based upon section 5959, Rev. Codes 1895, which is identical with section 1241 of the Code of Civil Procedure of California. The decision might well have been placed upon the provisions of section

4266 of our Civil Code (1905), which enumerates the powers of railway companies, subdivision 3 of which provides, in effect, that such corporations may acquire under the chapter on ·Eminent Domain such property only as may be necessary for the construction, maintenance, and operation of its railroad, etc. The legislature has seen fit to extend to these quasi public corporations the power thus restricted of condemning private property for its use. Hence it is proper to hold that, before such a corporation can take the property of another and subject it to its use, the company must prove the necessity for such taking. But in the case of public corporations widely different powers in this respect have been delegated. We think it is clear that specific authority to exercise the right sought to be exercised by respondent in this case was expressly delegated without restriction to the city council of each city in the state by subdivision 68, section 2678, Rev. Codes 1905, relating to the powers of city councils, which is as follows: "To extend by condemnation or otherwise, any street, alley or highway, over or across * * * any railroad track, right of way or land of any railroad company within the corporate limits." When this subdivision is construed with subdivisions 7, 25, 26 and 27 of the same section, it is apparent that the city council had express authority to pass the ordinance in question. Subdivisions 7 and 68, supra, were, no doubt, borrowed from the statutes of Illinois, and the same have repeatedly been construed by the Supreme Court of that state as giving to the city council express authority to extend streets over railroad rights of way by condemnation or otherwise. Illinois Central R. R. Co. v. City of Chicago, 30 N. E. 1044, 141 Ill. 586, 17 L. R. A. 530; Illinois Central R. R. Co. v. City of Chicago, 28 N. E. 740, 138 Ill. 453; Chicago & Northwestern Ry. Co. v. City of Chicago, 29 N. E. 1109, 140 Ill. 309; Chicago & Northwestern Ry. Co. v. City of Morrison, 63 N. E. 96, 195 Ill. 271; Chicago & Northwestern Ry. Co. v. City of Chicago, 37 N. E. 842, 151 Ill. 348. These cases were decided under a constitutional provision regulating the exercise of the right of eminent domain identically the same as that of this state. We do not, however, rest our decision on this branch of the case upon the authorities above cited, but the great weight of authority in other jurisdictions sustains the rule above announced. See 15 Cyc. 629-631; 2 Dill. Mun. Corp., section 600; Lewis, Em. Domain (2d Ed.) sections 238, 239, 393; 7 Am. & Eng. Enc. Pl. & Pr. 474; Town of Poulan v. Rail-

way Co., 51 S. E. 657, 123 Ga. 605; Pittsburg, etc., Ry. Co. v. Sanitary Dist., 75 N. E. 892, 2 L. R. A. (N. S.) 226; Lynch v. Forbes, 37 N. E. 437, 161 Mass. 302, 42 Am. St. Rep. 402; Bennett v. City of Marion, 76 N. W. 844, 106 Iowa, 628; Barrett v. Kemp, 59 N. W. 76, 91 Iowa, 296; Knoblauch v. City of Mpls., 56 Minn. 321, 57 N. W. 928; Fairchild v. City of St. Paul, 49 N. W. 325, 46 Minn. 540; Warner v. Town of Gunnison, 31 Pac. 238, 2 Col. App. 430; St. Louis, etc,. R. R. Co. v. City of Fayetteville, 87 S. W. 1174, 75 Ark. 534; People v. McClellan, 94 N. Y. Supp. 1107, 107 App. Div. 272; Richland Sch. Tp. v. Overmyer, 73 N. E. 811, 164 Ind. 382. We conclude therefore that the trial court did not err in holding that there was no question as to the public necessity for such crossing to be submitted to the jury or to be determined by the court, as the city council, by the passage of the ordinance in evidence, conclusively settled that point, and the court had no right to inquire into such question. Appellants' objection to the proof of this ordinance was clearly untenable, and was therefore properly overruled. It was competent for the purpose of proving that the city council, in whom, as we have seen, was vested the express power of determining the question of public necessity, had officially decided such question. Of course, the council could not by the passage of such ordinance open the crossing in question before the same was properly condemned, but, as before stated, the ordinance was properly admitted for the purpose of proving the fact that the council deemed such crossing necessary for the public convenience and welfare, and this was the purpose sought to be accomplished by its introduction.

We come now to the question of the damages to which defendants are entitled. The trial court held that they were entitled to nominal damages merely, but appellants insist that under section 14 of the constitution of this state they are entitled to "just compensation," and they argue with much force that this means such sum as will fully compensate them for all the detriment to be suffered by them on account of the easement sought to be taken. They do not ask to recover, except for such amount as will reimburse them for the expenditures which will necessary be required to be made by them on account of structural changes, such as grading, planking, building sidewalks, etc. Respondent does not dispute the fact that such expenditures will become necessary by the opening of such crossing, but its contention is that such ex-

penditures are made necessary by a statute of this state, enacted
under the so-called police power of the state, and therefore that
they cannot be considered a proper element of damage in this action.
The question has never, to our knowledge, been presented before
in this state, but has frequently been passed upon by the courts of
last resort in sister states, and has also been decided by the Supreme
Court of the United States. The courts are divided in their hold-
ings, some sustaining appellants' contention, while others hold to
a contrary view. Among the courts first mentioned are those of the
states of Minnesota, Michigan, Massachusetts, Kentucky, Mary-
land and Kansas, as may be seen by the following cases: State ex
rel. C., M. & St. P. R. Co. v. Shardlow et al., 46 N. W. 76, 43
Minn. 524; State ex rel. St. P., Mpls. & Man. R. R. Co. v Dist.
Court, 44 N. W. 7, 42 Minn. 247, 7 L. R. A. 121; In re opening
First St., 58 Mich. 641, 26 N. W. 159; Chicago Ry. Co. v. Hough,
28 N. W. 532, 61 Mich. 507; In re City of Grand Rapids v. Grand
Rapids Ry. Co., 33 N. W. 15, 66 Mich. 42; Commissioners of
Parks v. Mich. Cent. Ry. Co., 90 Mich. 385, 51 N. W. 447; Commis-
sioners of Parks v. Detroit, etc., Ry. Co., 93 Mich. 58, 52 N. \..
1083; City of Grand Rapids v. Bennett, 106 Mich. 528, 64 N. W.
585; Old Colony Ry. Co. v. County of Plymouth, 80 Mass. 154;
Boston & Albany R. Co. v. Cambridge, 159 Mass. 283, 34 N. E.
382; Shirley v. Southern Ry. Co., 89 S. W. 124, 28 Ky. Law Rep.
154; City of Baltimore v. Cowan et al., 41 Atl. 900, 88 Md. 447, 71
Am. St. Rep. 433; Kansas City v. Ry. Co., 14 S. W. 808, 102 Mo.
633, 10 L. R. A. 851; Kansas Cent. Ry. Co. v. Board of Co. Com-
misioners, 45 Kan. 716, 26 Pac. 394; Southern Ry. Co. v. Commis-
sioners, 52 Kan. 138, 34 Pac. 396. The Supreme Court of New
Jersey formerly held the same way. State v. Mayor, 17 Atl. 971,
51 N. J. Law, 428; Morris Canal v. State, 24 N. J. Law, 62. But
in the late case of Morris & E. Ry. Co. v. City of Orange, 43 Atl.
730, 63 N. J. Law, 252, this court departed from the rule estab-
lished by its prior decisions.

In our opinion the better rule, and the one we shall adopt, is
that the railroad company should be compensated for the diminu-
tion in value of its exclusive right to the use for railway pur-
poses of the property sought to be condemned, caused by the use
of the same by the public for a street crossing, and that the items
proved by appellants for grading, planking and constructing side-
walks at such crossing are not proper elements of damage. The

trial court, in view of the state of the record, there being no proof relating to the proper measure of damages, correctly instructed the jury to return a verdict for nominal damages merely. We are supported in our views by what we consider the weight of authority, and the best considered cases. Among the cases holding to this rule are the following: C., M. & St. P. Ry. Co. v. Milwaukee, 72 N. W. 1118, 97 Wis. 418; Morris & E. Ry. Co. v. City of Orange, 43 Atl. 730, 63 N. J. Law, 252; Chicago & N. W. Ry. Co. v. Chicago, 140 Ill. 309, 29 N. E. 1109; C. & N. W. Ry. Co. v. Cicero, 41 N. E. 640, 157 Ill. 48; Ill. Cent. Ry. Co. v. Chicago, 48 N. E. 492, 169 Ill. 329; Ill. Cent. Ry. Co. v. Normal, 51 N. E. 781, 175 Ill. 562; C., B. & Q. Ry. Co. v. Chicago, 37 N. E. 78, 149 Ill. 457; s. c., 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979; C. & A. R. Co. v. Pontiac, 48 N. E. 485, 169 Ill. 155; City of Albia v. C., B. & Q. Ry. Co., 71 N. W. 541, 102 Iowa, 624; Railway Co. v. Sharp, 38 Ohio St. 150; People v. B. & A. Ry. Co., 70 N. Y. 569; Railroad Co. v. Brownell, 24 N. Y. 345; Boston, etc., Ry. Co. v. Greenbush, 52 N. Y. 510; Canal Co. v. Village of Whitehall, 90 N. Y. 21; Portland, etc., Ry. Co. v. Deering, 2 Atl. 670, 78 Me. 61, 57 Am. Rep. 784; St. Louis, etc., R. R. Co. v. City of Fayetteville (Ark.) 87 S. W. 1174; Boston & M. Ry. Co. v. York, 10 Atl. 113, 79 Me. 386; N. Y. & N. E. Ry. Co. v. Waterbury, 22 Atl. 439, 60 Conn. 439. See, also, 15 Cyc. 696, and cases cited. An examination of the foregoing cases will disclose, we think, that the conflict in the holdings of these courts is mainly due to the difference in the statutes of the respective states, but some of them are based upon the decisions in Massachusetts, in which state there are express statutory provisions requiring compensation for these structural changes. Cases decided upon a statute such as the one in Massachusetts cannot possibly have any weight in construing a statute so widely different as the one in this state. The courts of Kansas, Minnesota and Missouri have apparently followed the rule adopted in Massachusetts as enunciated in Old Colony Ry. Co. v. Plymouth County, supra, but a mere cursory examination of the constitution and statute under which this case was decided will conclusively demonstrate that the same is not in point under a constitution and statutes like those in this state, and in the states last mentioned. The precise question here involved was up for consideration in the Illinois cases above cited, and the Supreme Court of that state, as well as the United States Supreme Court,

under a statute identically the same as our own, held that no damages could be allowed for structural changes made necessary by such crossing, and they also held, for reasons which appeal to us as clearly sound and unanswerable, that such expenditures are made necessary in order to comply with the express statutory enactments aforesaid, which are construed as mere police regulations. As stated by the Supreme Court of the United States in C., B. &. Q. Ry. Co. v. Chicago, supra: "The expense of erecting gates, planking the crossings, and maintaining flagmen, which will necessarily result in the laying out of a street across a railroad, must be regarded as incidental to the exercise of the police powers of the state, and do not constitute an element of just compensation to the railroad." The sections of our Code above referred to are 4320-4322, Rev. Codes 1905; also, section 2678, subdivisions 26, 27. We therefore hold that appellants' assignments of error, which are predicated upon the rule of damages adopted by the trial court, must be overruled.

It is next contended by appellants that the trial court committed reversible error in receiving in evidence the ordinance aforesaid; their point being that no sufficient foundation was laid for its introduction by proof of its passage by the city council. They contend that the only proper method of proving the same was by the production of the journal of the proceedings of the council showing the steps leading up to and the vote upon its final passage, citing Pickton v. City of Fargo, 10 N. D. 469, 88 N. W. 90. This contention is clearly unsound. The case cited is not in point. All that was decided in that case was that the law requiring a yea and nay vote in the passage of ordinances is mandatory, and that the minutes of the proceedings of the council must show a compliance therewith, and that parol evidence is inadmissible for such purpose. The method of proving an ordinance was not otherwise involved in the decision of that case. We think the evidence sufficient to prove, prima facie, not only the contents and provisions of the ordinance, but that the same was regularly passed. This proof was sufficient under the express provisions of our Code. See sections 2675, 7317, subdivision 15 of section 7298, and subdivision 5 of section 7300, Rev. Codes 1905. It was also admissible in the absence of such statutory provisions. 17 Cyc. 298; Dill. on Mun. Corp. (4th Ed.) section 422; Metropolitan St. R. Co. v. Johnson, 16 S. E. 49, 90 Ga. 500; Mayer v. Swink, 16

S. W. 76, 90 Tenn. 152; Eichenlaub v. City, 21 S. W. 8, 113 Mo. 395; 18 L. R. A. 590; Merced Co. v. Fleming, 43 Pac. 392, 111 Cal. 46; San Diego v. Siefert, 32 Pac. 644, 97 Cal. 594; Linsay v. City of Chicago, 3 N. E. 443, 115 Ill. 120; Prell v. McDonald, 7 Kan. 426, 12 Am. Rep. 423.

Appellants' fifth point calls in question the sufficiency of the complaint; the particular claim being that the same does not properly allege a necessity for the taking of the property sought to be condemned. A complete answer to this contention may be found in the opinion in City of Lidgerwood v. Michalek, 12 N. D. 348, 97 N. W. 541, wherein the court, in construing section 7592 of our Code, sustained a complaint similar to the one in the case at bar. The Supreme Court of California, under a statute identically the same as our own, has held likewise. See City of Los Angeles v. Waldron, 3 Pac. 890, 65 Cal. 283.

The remaining points argued by appellants' counsel are, we think, already sufficiently answered adversely to their contention by what we have heretofore said.

We therefore conclude that the order appealed from was correct, and should be affirmed. All concur.