Matter of the Application of The City of New York, Relative to Acquiring Title, etc., for the Opening and Extending of Firth Avenue, etc.

(Supreme Court, Queens Special Term, February, 1917.)

Condemnation proceedings — proceeding to acquire land for street uses — when application for appointment of commissioners of estimate and assessment denied — title — Greater New York charter, § 992.

Where the city of New York, in disregard of the limitation of the resolution of the board of estimate and apportionment authorizing a street opening proceeding and of the clear, express and unambiguous wording of section 992 of the Greater New York charter, as amended in 1910, initiates a proceeding to acquire lands for street uses which have already been acquired by conveyance, the application for the appointment of commissioners of estimate and of assessment will be denied on the objection of property owners whose predecessors in title had conveyed to the city all of the real property within the lines of the street in front of the lands owned by them.

The provisions of said section 992 are for the benefit of both the land owner and of the city to save costs and expense in a street opening proceeding.

The court may not question the equity or propriety of the area of assessment as fixed by the board of estimate and apportionment in pursuance of its delegated legislative power.

APPLICATION by city of New York for the appointment of commissioners of estimate and commissioners of assessment for acquiring the fee of real property.

Lamar Hardy, corporation counsel (Joel J. Squier and Walter C. Sheppard, of counsel), for City of New York.

Henry A. Ingraham, for Charles Simonson, owner.

Gregg & Franks, for William B. Cating, owner.

GARRETSON, J.  This is an application by the city for the appointment of commissioners of estimate and commissioners of assessment in a proceeding having for its purpose the acquiring of the fee of the real property, within the limits of Firth avenue from Grand street to Juniper avenue in the second ward of the borough of Queens, for street uses.

Although it is set forth in the title of the city's petition that it is intended to relate to such real property as " has not been theretofore acquired," it is no where so limited in the body of the petition, while, on the other hand, it does appear, from the particular description therein contained and the map thereto attached, that all of the land within the avenue is sought to be taken.

Objection is made to the granting of the application by Charles Simonson and William B. Cating, owners in severalty of all the real property abutting either side of the avenue from Grand street to Caldwell avenue, a distance of two blocks, who ask that the application be denied for the reason that prior to the institution of this proceeding their common predecessors in title had conveyed in fee to the city, and the city had accepted the conveyance of all of the real

property within the lines of the avenue in front of the lands owned by them as aforesaid. That such conveyance had been made and accepted by the city is not disputed, but is admitted to be the fact.

The said owners base their objections mainly upon the provisions of section 992 of the charter of the city as amended by chapter 548 of the Laws of 1910, wherein it is stated, among other things, that such conveyance being made, accepted and filed, "thereupon the city of New York shall become vested with the title to said lands to the same effect and extent as if they had been acquired by a proceeding taken for the opening of that portion of said street; after the making and acceptance of such conveyances, no proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on that portion of the streets so conveyed, and extending to the center of the block on either side of such portion of said street so conveyed, be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings, as aforesaid."

It is alleged by the objectors, not denied, but conceded, by the city, that there are no buildings within the lines of the avenue, and consequently no awards for buildings would be required to be made.

The board of estimate and apportionment authorized this proceeding by resolution adopted October 13, 1916, and thereby directed that it be instituted to acquire title to the lands within the avenue for the use of the public "wherever the same has not been heretofore acquired," thus recognizing the fact, at least impliedly, that some part or parts of such lands might already be vested in the city, and in terms excluding

such already acquired lands from the proceeding, and to that extent limiting its scope and purpose.

The provisions of the section cited are for the benefit of both the land owner and the city, so that the former may cede his land in a street proposed to be opened " without compensation and before the appointment of commissioners," and that he, the city, and others interested may to that extent save cost and expense in a proceeding, if instituted, or entirely, if the cession obviates the need of any proceeding. The realization of its purpose should be encouraged and not hampered.

The charter, section 994, as amended by chapter 658 of the Laws of 1906, relates to the acquisition of lands by agreement with the owners for compensation, and has no relevancy to the situation presented on this application.

It is presumed that after the adoption by the board of estimate and apportionment of the resolution of October 13, 1916, and before instituting this proceeding, the corporation counsel knew what lands in Firth avenue had theretofore been acquired by the city by conveyance, and that he had caused the deeds therefor to be recorded in the office of the county clerk, and filed with the comptroller of the city, as was his duty. § 992, *supra*.

The infirmity of the petition is, that it is sought thereby to initiate a proceeding to acquire lands for street uses which have already been acquired by conveyance, in disregard of the limitation of the resolution authorizing it, and of the express prohibition of said section 992.

The corporation counsel urges that the use in the title of the petition of the words " wherever the same has not been heretofore acquired," in effect excludes from the proceeding all the lands within the avenue

already conveyed to the city, and that therefore the opposition of the objectors is without force. As hereinabove stated, the quoted words are from the resolution of the board and are used therein to indicate the lands as to which the proceeding is not to be taken; while the particular description in the body of the petition of the lands affected by this proceeding and the map annexed, show that all of the lands in Firth avenue are comprehended. Such being the fact, the use of those words in the title is meaningless, contradictory and misleading.

The prohibitory words of section 992 of the charter are clear and unambiguous and to attempt to continue them would be supererogatory.

The conclusion reached herein will not be found to be in conflict with the case of *Matter of City of New York (Avenue L.)*, 107 App. Div. 581, which differs from this application on the facts, it appearing therein " that the appellant's deed was never accepted while every inference points to the contrary."

The board of estimate and apportionment having fixed, by its resolutions, the area of assessment, in pursuance of its delegated legislative power, the court may not question the equity or propriety thereof. *Ellwood* v. *City of Rochester,* 122 N. Y. 229; *People ex rel. Hagerty* v. *McClellan,* 107 App. Div. 272; *Matter of City of New York (225th Street),* 150 id. 223; *Matter of 33d St. & Case St.,* N. Y. L. J., Dec. 7, 1915.

I find no occasion for legal criticism of the resolution of the board of estimate and apportionment which by its terms authorizes and directs a proper proceeding to be taken to acquire the lands for the opening of Firth avenue, not theretofore acquired by the city. If such a proceeding shall be instituted the objector Cating will be interested to the extent at least of a probable assessment on his lands lying beyond the center

line of the block between Firth avenue and Bittman street.   The matter of an assessment on the abutting lands of each objector, to the extent of their due and fair proportion of the awards that may be made for buildings, will presumably not then be involved therein.

For the foregoing reasons, the application is denied, with ten dollars costs to each of the objecting land owners.

Application denied.