(97 N. W. Rep. 535.)

---

CITY OF LIDGERWOOD v. ALBERT MICHALEK, ALBERT HELEY, AND MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY.

Opinion filed November 3, 1903.

**Cities Have Power to Lay Out and Open Streets, and Exercise the Right of Eminent Domain.**

1. Under subdivision 7 of section 2148, and section 2454, Rev. Codes 1899, cities are given the power, through their city councils, to lay out and open streets, and, when necessary, to exercise the right of eminent domain in the manner provided by chapter 35 of the Code of Civil Procedure.

**Essential Requisites of Complaint In Eminent Domain Proceedings Prescribed By Statute—Complaint Sufficient.**

2. In this state, eminent domain proceedings are prosecuted by a civil action in the district court, and the essential allegations of the complaint in such an action are prescribed by section 5962, Rev. Codes 1899. It is *held*, on general demurrer, that the complaint in this action fully meets the requirements of the above section; further,

that it is not necessary for a plaintiff to allege, as a right to maintain the action, that it has made provision to pay the award, either by general taxation or by special assessment.

Appeal from District Court, Richland county; *W. S. Lauder,* J.

Action by the city of Lidgerwood against Albert Michalek and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Purcell & Bradley,* for appellants.

The procedure for laying out and improving highways is found in sections 2279 and 2280 only; under these provisions the first step is to declare the work or improvement necessary, and this the city council of Lidgerwood did. The next step required is, that the resolution of the city council declaring such necessity be published for four consecutive weeks at least once in each week in the official newspaper of the city. The complaint shows that this was not done; it alleges that the resolution was published in the official newspaper on April 24, 1902. The object of the notice is to apprise the owners of property liable to assessment, so that within twenty days after the publication is made they may file a protest against the improvement. A single publication, when the law requires four, furnishes no foundation for a legal highway; and unless the complaint sets forth facts showing it to be a legal highway, the city has no power to exercise the right of eminent domain. *City of Madison* v. *Daly,* 58 Fed. 751; *Siskiyou County* v. *Gamlich,* 42 Pac. Rep. (Cal.) 468; *Blaisdell* v. *Inhabitants of Winthrop,* 118 Mass. 138; *In re Schreiber,* 3 Abb. N. C. 68; *City of Buffalo* v. *New York,* 78 N. Y. 362.

*A. L. Parsons* and *Smith Stimmel,* for respondent.

The one question in this appeal is, do sections 2279 and 2280 Rev. Codes govern this action, or the provision of section 2454. The former apply only to improvements in which "a special assessment is to be levied," and do not apply where no special assessment is to be levied. In the case at bar, the proposed improvement is one of direct benefit to the entire corporation, and no special assessment is contemplated. In such case, section 2454, and the provisions for the exercise of the right of eminent domain under Chap. 35 of Code of Civil Procedure, therein referred to, apply.

YOUNG, C. J. This action is prosecuted by the city of Lidger-wood for the purpose of condemning certain real estate owned by the defendants for street use, in opening and extending Wiley, Hubbard, and Severance avenues. The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants have appealed from the order overruling the same.

The complaint is sufficient, and the demurrer was properly overruled. The plaintiff has the right, under the statute, to lay out and open streets, and to exercise the right of eminent domain, in order to acquire real property for street use. Section 2148, Rev. Codes 1899, reads as follows: "The city council shall have power * * * (7) to lay out, establish, open, alter, widen, grade, pave or otherwise improve streets * * * and vacate the same." Section 2454, Id., provides: "Any city * * * is authorized and empowered, through its proper municipal officers, to lay out, open, grade and otherwise improve the streets * * * therein and to vacate the same. When it becomes necessary in order to make any of the improvements herein specified to take or damage private property, such municipal corporation may exercise the right of eminent domain for any public use authorized by law in the manner provided in chapter 35 of the Code of Civil Procedure. * * *" The manner of exercising the power of eminent domain conferred upon cities by section 2454, *supra*, is governed by chapter 35 of the Code of Civil Procedure (sections 5955-5973w, inclusive, Rev. Codes 1899). Section 5961 provides that "all proceedings under this chapter must be prosecuted by civil action brought in the district court of the county in which the property or some part thereof is situated." Section 5962 provides what the complaint shall contain. An examination of the complaint in this action shows that it fully complies with the requirements of this section. It contains (1) the name of the corporation in charge of the public use for which the property is sought; (2) the names of all owners and claimants of the property; (3) a statement of the right of the plaintiff; (4) it shows the location, general route, and termini of the right of way sought, and is accompanied with a map thereof; (5) it contains a description of the lands owned by the defendants, and a particular description of each piece of land sought to be taken. The complaint fully meets the requirements of the statute, and is therefore sufficient.

The real attack which the defendants make upon the complaint is directed to other averments, which, as we shall see, are wholly immaterial, and are unnecessary in this kind of a proceeding. In addition to the averments of facts required by the statute, the complaint alleges in paragraph 2 "that by resolution duly adopted by the city council on April 15, 1902, and published in the official newspaper of said city on the 24th day of April, 1902, the plaintiff above named authorized the opening of Wiley, Hubbard, and Severance avenues, in said city, commencing at their present termination on the north, and opening same, for a like width of said avenues, due north to the north boundary line of said city, as same appears from the plat thereof, a copy of which resolution, marked 'Exhibit A,' is hereto attached, and made a part of this petition." The resolution referred to is as follows: "Whereas, it appears to be necessary and for the best interests of the city to open Hubbard, Severance and Wiley avenues, commencing at their present termination on the north, and opening same for a like width of said avenues due north to the north boundary line of said city, as same appears from recorded plat thereof; therefore be it resolved, that the city of Lidgerwood, N. D., proceed to forthwith take such legal proceedings as may be necessary to open said avenues as above set forth, and that the matter be referred to the street commissioners and city attorney." It will be noted that the resolution was published but once, towit, on the 24th day of April, 1902. Defendants' contention is that four publications of the resolution were necessary to the existence of the power of the city to proceed with the condemnation proceedings. This contention is based upon section 2279, Rev. Codes 1899, which, so far as material, is as follows: "When the city council shall deem it necessary to open, widen, extend," etc. "* * * any street * * * * within the city limits * * * for which a special assessment is to be levied as herein provided, the city council shall, by resolution, declare such work or improvement necessary to be done, and such resolution shall be published for four consecutive weeks at least once a week in the official newspaper of the city, and if a majority of the owners of the property liable to be assessed therefor shall not within twenty days after the expiration of such publication file with the city auditor a written protest against such improvement, then the city council shall have power to cause such improvement to be made and to contract therefor and to levy and collect the assessments as herein provided. * * *" It is patent, upon a mere

inspection of the above section, that it applies only when the improvement is to be paid for by special assessment, and, further, that the publication of the resolution is not jurisdictional to the right of the city to institute condemnation proceedings. In a controversy between the city and property owners subjected to a special assessment, the noncompliance with the provisions of this section could be successfully urged as a defense to the assessment. But that is not this case. The plaintiff is merely seeking to condemn defendants' property for street use under the power of eminent domain. The question as to whether the property, if condemned, shall be paid for out of revenue derived from general taxation, or whether the city shall be reimbursed by special assessment, does not concern the defendants in any way, and is not involved. The rights of the defendants are fully protected by the statute authorizing and regulating condemnation proceedings. The plaintiff can acquire neither an easement, nor right to the use which it seeks, nor to possession, until the damages awarded in the condemnation proceedings shall have been paid; and no order of condemnation can be made until such payment is made to the defendants, or in court for their use. Sections 5970, 5971, Rev. Codes 1899. The city may conclude that the award is excessive, and decline to make provision for its payment, and if payment is not made the condemnation proceedings are rendered abortive. Sections 5968, 5969, Id. As stated in 2 Lewis on Eminent Domain, section 656: "The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that, even after confirmation or judgment, the purpose of taking the property may be abandoned without incurring any liabilty to pay the damages awarded." See cases cited in note 13. Under the statutes of this state, the rule above quoted is applicable to condemnation proceedings when prosecuted by municipal corporations. The prosecution of eminent domain proceedings under the power of eminent domain must not be confounded with proceedings for imposing special assessments. The method of procedure and right of condemnation under the power of eminent domain are found in chapter 35, Code of Civil Procedure. Section 2279, upon which counsel for appellants rely, relates to the right to impose special assessments. The prosecution of eminent domain proceedings and the imposition of special assessments are not interdepend-

ent or necessarily concurrent acts. See *Holmes* v. *Village of Hyde Park,* 121 Ill. 128, 13 N. E. 540; *Village of Hyde Park* v. *Borden,* 94 Ill. 26; also *Mason* v. *City of Sioux Falls,* 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802. In *City of Fargo* v. *Keeney,* 11 N. D. 484, 92 N. W. 836, which was an appeal from an order setting aside a judgment entered by inadvertence and mistake in an action prosecuted to condemn certain lands for street use, this court, after sustaining the order vacating the judgment upon the grounds upon which the motion was made, towit, inadvertence and mistake, observed in the course of its opinion that the action was prematurely brought, for the reason that the city, as shown by the evidence in the case, had not taken any steps to provide funds to pay the award, either by special assessment or general taxation. As applied to the facts which were developed in the trial of that case, and upon the motion to vacate the judgment, it might properly be said that the action was prematurely brought, for it was clear that the proceedings would be futile, for the reason that the city could not comply with the award, for want of funds. The language used can hardly be construed as intimating that it is necessary for a municipal corporation to make provisions in advance for raising funds to pay a subsequent award, either by special assessment or by general taxation, as a condition precedent to its right to maintain condemnation proceedings, and to allege that it has done so in its complaint. So far as it will bear that meaning, it is misleading, and is disapproved. Cities in this state are given the right to condemn land for street use, and may institute condemnation proceedings for that purpose. The statute provides the essential elements of a complaint in such an action, and we are without authority to add other elements which the legislature has seen fit to omit.

The order appealed from is affirmed. All concur.