Argued 22 December, 1903; decided 1 February, 1904.

### DALLAS v. BOISE.

[75 Pac. 208.]

EVIDENCE OF SIMILAR CONDITIONS—CONDEMNATION.

Unless the things used to show comparative values are similar, evidence as to the worth of one would not tend to prove the value of the other—for instance, in an action to condemn a water right, evidence of the value of water powers two miles distant from the one in question is inadmissible, in the absence of a showing that the conditions surrounding the different water powers are similar.

Condemnation proceeding by the City of Dallas against R. P. Boise and others. Defendants appeal from the judgment.          AFFIRMED.

For appellants there was a brief over the names of *Butler & Coad, Sibley & Eakin,* and *W. H. & Webster Holmes,* with an oral argument by *Mr. Reuben P. Boise, in pro per.,* and *Mr. William H. Holmes.*

For respondent there was a brief and an oral argument by *Mr. William T. Muir.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is an action to condemn certain real property,

water, and water rights and privileges for the purpose of constructing a waterworks system in the City of Dallas. The issues presented by the pleadings are similar to those in the case of *Dallas* v. *Hallock*, 44 Or. 246 (75 Pac. 204), and the questions arising upon the record are the same, except that there is an additional one presented here. The decision of that case is therefore decisive of this as far as it goes.

The question alluded to relates to the refusal of the court to permit witnesses for the defendants to testify respecting the value of water powers at Salem, in Marion County, Derry, in Polk County, and at Dallas; the latter being distant two miles from the water power for the impairment of which the principal defendant herein is claiming damages, the inquiry being limited to the value of the particular water power involved. Unless there was a marked similarity in the conditions attending and surrounding the respective water powers, so as to make their values relatively equal, the testimony could have been of no definite or material utility in determining the value of the particular water power concerned, or the amount of injury thereto. Such a similarity was not made to appear, and hence there was no error in excluding the testimony proffered.

Another question, touching the court's refusal to admit certain testimony respecting the character of the lands lying in proximity to defendant's water power for building and residence purposes, is somewhat discussed in the briefs, but, as it is not certified up by the bill of exceptions, it is not here for our determination.

The judgment of the trial court will be affirmed, and it is so ordered.                                    AFFIRMED.