CITY OF FARGO, a Municipal Corporation, v. HAMILTON W. GEAREY, John P. Hardy, Wm. P. Porterfield, J. Frank Treat, Clare B. Waldron, Constituting the Park Commissioners for the Park District of the City of Fargo, a Corporation.

(156 N. W. 552.)

Special assessments were levied by the city, acting by its council, against

Note.—The liability to local assessments for benefits of property exempt from general taxation is the subject of notes in 35 L.R.A. 33; 18 L.R.A.(N.S.) 451; 32 L.R.A.(N.S.) 303; and 44 L.R.A.(N.S.) 57, and the cases setting forth the rule as to public property are in accord with FARGO v. GEARY, that such public property is not, in the absence of statute, assessable for such improvements.

See also on whether public property is subject to assessment for local improvements note in 33 Am. St. Rep. 400.

Island Park, in Fargo, to reimburse for paving a street bordering upon said park. The city park commissioners refused to levy a tax to meet instalments of such special assessment falling due. From a judgment in mandamus directing such a tax levy the park commissioners appeal.

*Held:—*

**City Council — jurisdiction — special assessments — paving — benefits — city park commissioners.**

1. The city council had no authority or jurisdiction to levy the special assessment or authorize the paving of the street bordering upon and adjacent to the city park.

**Statutes — construction — authority — park commissioners — special assessments — benefits.**

2. The statutes grant sole and exclusive authority to the park commission to pave such streets and levy special assessments for resultant benefits.

**City — street improvements — city parks — control — legislature — delegation of power.**

3. Such an improvement to streets adjacent to city parks is one within the declared purposes for furtherance of which exclusive control has been delegated by the legislature to the park commission.

**Park commission — acts of city council — void — to adopt and validate — paving — special assessments.**

4. Power of the park commission to levy a special assessment against park property is not involved, and is not determined.

**Mandamus — proceedings — costs.**

5. The park commissioners are directed to adopt and validate as far as possible the void acts of the city council in the authorization of the paving and especially assessing therefor that property so benefited may not escape assessment for such benefits; and the future procedure is suggested.

6. Mandamus refused and the proceedings dismissed, no costs to be taxed.

Opinion filed February 4, 1916.

Appeal from the District of Cass county *Pollock,* J.

Reversed.

This case was taken for investigation and study in the practice court of the Law Department of our State University, and very creditable briefs were filed herein by consent of counsel by the following members of the Law Department, *viz.:* P. R. Bangs, J. Carl Loudon, C. F. Kelsch, Earl McFadden, and Franklin Page for plaintiff; and J. J.

33 N. D.—5.

Mulready, C. F. Peterson, B. O. Angell, Walter Schlosser, P. M. Paulson, and E. A. Sweggum for the Park Commission.

*W. J. Clapp,* for appellants.

Public property, used for public purposes, is not subject to special assessments. Because the property here involved belongs to a municipal corporation and is only held for public use, it is not subject to this attempted special assessment. 4 Dill. Mun. Corp. 5th ed. § 1446; Pittsburg v. Sterrett Subdist. School, 204 Pa. 635, 61 L.R.A. 183, 54 Atl. 463; La Grange v. Troup County, 132 Ga. 384, 64 S. E. 267, 16 Ann. Cas. 885; Board of Improvement v. School Dist. 56 Ark. 354, 16 L.R.A. 418, 35 Am. St. Rep. 108, 19 S. W. 969; Worcester County v. Worcester, 116 Mass. 193, 17 Am. Rep. 159; Big Rapids v. Mecosta County, 99 Mich. 351, 58 N. W. 358; San Diego v. Linda Vista Irrig. Dist. 35 L.R.A. 40, conclusion of note; Clinton v. Henry County, 115 Mo. 557, 37 Am. St. Rep. 415, 22 S. W. 494; Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625; Mt. Sterling v. Montgomery County, 152 Ky. 637, 44 L.R.A.(N.S.) 57, 153 S. W. 952; Edwards v. Ocala, 58 Fla. 217, 50 So. 421; 1 Bl. Com. 262; Endlich, Interpretation of Statutes, §§ 161, 163; 1 Kent, Com. 13th ed. 460; Boston Seaman's Friend Soc. v. Boston, 116 Mass. 189, 17 Am. Rep. 153.

The park district of the city of Fargo, being a municipal corporation, has exclusive jurisdiction over its parks, there cannot be at the same time, within the same territory, two distinct municipal corporations exercising the same powers, jurisdiction, and privileges. Laws of 1907, chap. 179; Pol. Code, art. 24; Comp. Laws 1913, §§ 4055, 4063; West Chicago Park Comrs. v. Chicago, 152 Ill. 392, 38 N. E. 697; Willcock, Mun. Corp. 27; 1 Dill. Mun. Corp. 4th ed. § 184; Grant, Corp. 18; Taylor v. Ft. Wayne, 47 Ind. 274; Strosser v. Ft. Wayne, 100 Ind. 443; State v. Winter Park, 25 Fla. 371, 5 So. 818; Paterson v. Society for Establishing Useful Mfrs. 24 N. J. L. 385; Rex v. Pasmore, 3 T. R. 199, 1 Revised Rep. 688; 15 Am. & Eng. Enc. Law, 1007.

Park boards have no authority to levy taxes or otherwise provide for street improvements done by the city. Comp. Laws 1913, § 4059.

Park commissioners cannot be compelled to perform an illegal act, and are not estopped from making objections to the levy at this time.

United States v. County Ct. 99 U. S. 582, 25 L. ed. 331; Robertson Lumber Co. v. Grand Forks, 27 N. D. 556, 147 N. W. 249.

A municipal corporation cannot be held to have waived a jurisdictional defense. 3 Dill. Mun. Corp. 5th ed. § 1194.

The city, and not the park district, can and must pay or provide for the assessments. Comp. Laws 1913, § 3723; Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625; West Chicago Park Comrs. v. Chicago, 152 Ill. 392, 38 N. E. 697.

*Emerson H. Smith,* for respondent.

The law contemplates that all benefited property located within the assessment district shall be assessed, without expressly excepting any property, either public or private, save that of the United States. Rev. Codes 1905, § 2796; Comp. Laws 1913, § 3721; Re Howard Ave. North, 44 Wash. 62, 120 Am. St. Rep. 973, 86 Pac. 1117, 12 Ann. Cas. 417; Edwards & W. Constr. Co. v. Jasper County, 117 Iowa, 365, 94 Am. St. Rep. 301, 90 N. W. 1011; Scammon v. Chicago, 42 Ill. 192; Newberry v. Detroit, 164 Mich. 413, 32 L.R.A.(N.S.) 303, 129 N. W. 699; Whittaker v. Deadwood, 23 S. D. 543, 122 N. W. 590; New Orleans v. Warner, 175 U. S. 138, 44 L. ed. 106, 20 Sup. Ct. Rep. 44; Roosevelt Hospital v. New York, 84 N. Y. 112; Franklin County v. Ottawa, 49 Kan. 747, 33 Am. St. Rep. 396, 31 Pac. 788; Higgins v. Chicago, 18 Ill. 276; McLean County v. Bloomington, 106 Ill. 209; Adams County v. Quincy, 130 Ill. 566, 6 L.R.A. 155, 22 N. E. 624; Sioux City v. Independent School Dist. 55 Iowa, 150, 7 N. W. 488; Hassan v. Rochester, 67 N. Y. 528.

Section 176, state Constitution, does not relate to local assessments, but only to general taxation. Webster v. Fargo, 181 U. S. 394, 45 L. ed. 912, 21 Sup. Ct. Rep. 623.

A "way" technically speaking, is the passage over the lands of another. Postal Teleg. Cable Co. v. Southern R. Co. 90 Fed. 32; Dennis v. Wilson, 107 Mass. 593; Chollar-Potosi Min. Co. v. Kennedy, 3 Nev. 372, 93 Am. Dec. 409.

The statutes give to the city much greater powers than to the park board; these officers do not perform the same duties; the park commissioners and the city council do not possess the same jurisdiction, nor are the functions of their offices the same. Sargent County v. Sweetman, 29 N. D. 256, 150 N. W. 876.

The city had the power and authority to assess the park district as an integral part of assessment, and its procedure was that authorized by law. Còmp. Laws 1913, § 3721; Edwards & W. Constr. Co. v. Jasper County, 117 Iowa, 365, 94 Am. St. Rep. 301, 90 N. W. 1006.

The appellant should pay for the benefits received by it, the same as any other property owner. Edwards & W. Constr. Co. v. Jasper County, 117 Iowa, 365, 94 Am. St. Rep. 301, 90 N. W. 1008; Scammon v. Chicago, 42 Ill. 192; McLean County v. Bloomington, 106 Ill. 209.

The park district should bear its own burden, in proportion to its share in the benefits derived from the assessment. Newberry v. Detroit, 164 Mich. 413, 32 L.R.A.(N.S.) 303, 129 N. W. 699.

Goss, J. Fargo, acting by its city council, has levied special assessments aggregating $8,099 against Island park within said city for paving of streets bordering upon Island park. Part of the cost of the paving has been thus assessed against private property owners and the balance against the city park. Fargo had adopted a park district system and with it a park commission. That commission and the individual members thereof, these defendants, have at all times refused to recognize the jurisdiction of the city or its council or special assessment commission acting under it, to levy or enforce these special assessments against Island park. Thereupon they were mandamused to include instalments of special assessments due and falling due, and to thus make provision in 1914 for the payment of past, present, and future instalments of these special assessments against the park. Upon trial a peremptory writ was awarded directing them to levy a tax upon the park district for said purposes. The appeal is from the judgment thereon.

Logically, the first question presented is concerning the exercise of the power of special assessment so far as a decision thereon is necessary. Defendants challenge the jurisdiction of the city commission to act and claim the right themselves, and that under the principle that there cannot be at the same time within the same territory two distinct municipal corporations exercising the same powers, jurisdiction, and privileges over the same subject-matter, the city council was without jurisdiction to act, and was but invading the province of the park commission in so doing. A careful investigation of statutes and authority sustains their contention.

As the matter is primarily one of interpretation of statutes to arrive at where the power to levy these special assessments has been vested, it is well to consider the scope, purposes, express powers granted, and limitations reserved and implied, all concerning the exercise of such powers, and determining any apparent conflict of jurisdiction in the matter. The statutes, §§ 4055–4063, contemplate a radical change in the distribution of governmental authority. Certain powers are taken from the city council and vested in an elective park commission. The present statute providing for their election obviates the unconstitutionality of the 1905 act, as passed upon in Vallelly v. Park Comrs. 16 N. D. 25, 15 L.R.A.(N.S.) 61, 111 N. W. 615, holding portions of the 1905 act, the initial legislation on the subject of park commissions, unconstitutional in that it authorized a local appointive instead of elective body, to levy taxes for local improvements. The present act is comprehensive, and designed as complete legislation on that subject. It was intended that those cities adopting it should have a park commission with certain sole and exclusive powers incidental and necessary to the acquirement, maintenance, control, and improvement of city parks, boulevards and ways. Under it the park district by its commission exercises to the full the statutory powers granted and as corporate agents for the city. The park district is at least coextensive with the city limits. The legislature has endeavored to grant powers to the park commission beyond city limits. Sess. Laws 1915, chap. 71. Nowhere in the act can there be discerned any intent that any of its powers should be exercised under the supervision, control, or direction of any other body or agent of the city. It creates an exception to the general law governing cities, applicable to those cities only who adopt it. To that extent the general law governing cities must be taken as amended by its provisions as to those cities electing to proceed under it, as in the case at hand. It is the corporate agent for the administration of city parks, possessing all the powers expressly granted by statute and those necessarily implied from those granted. And what are those powers? Under § 4057 it is to "acquire . . . hold, own, possess, and maintain real and personal property in trust for the *purpose of* parks, boulevards, and ways and to exercise all the powers hereinafter designated or which may hereafter be conferred upon it" (the park district). These powers exercised by the park commission are specifically enumerated as "power

(1) To acquire . . . land . . . for parks, boulevards, and ways, and shall have sole and exclusive authority to maintain, govern, erect, and *improve* the same; (2) to lay out, open, grade, curb, pave, and otherwise improve any path, way, or street, in, through, or around said parks; . . . (4) to levy special assessments on all property specially benefited by the purchase, opening, establishment, and improvement of such parks, boulevards, and ways or streets or ways about the same." With these broad powers are also granted others, such as authority to pass ordinances regulative of said property; and power "to levy taxes upon all property within . . . [the park] district for the purpose of maintaining and improving said parks, boulevards, and ways; . . . to establish building lines for all property fronting on any park, boulevard, or way . . . and to control the subdivision and platting of property within 400 feet thereof; to borrow money in anticipation of taxes already levied; . . . to connect any park or parks owned or controlled by it with any other park or parks, and for that purpose to select and take charge of any connecting street or streets or parts thereof, and the said park commission *shall have sole and exclusive charge and control of such street or streets so taken for such purpose."* [Comp. Laws 1913, § 4059] Powers not necessary to be enumerated are also granted. Section 4062, Comp. Laws 1913, of this comprehensive enactment, recognizing all the foregoing, provides: "In the issuing of bonds, warrants, certificates of indebtedness, and in levying any tax or special assessment, and in otherwise carrying out, enforcing, or making effective any of the powers herein granted, the park commissioners and their officers and the park district shall be governed by and follow the laws enacted for the government of cities." With this general *résumé* in mind of the statutory powers granted, it will be noted that this board have sole and exclusive authority to improve parks. That their authority is not limited to the area of the park itself, but extends over and includes all streets bounding parks; that it may also take charge of streets connecting any park with others, as to which "sole and exclusive charge and control" "for such purpose" is granted. If it be regarded as in the least indefinite as to whether sole and exclusive authority is granted it as to those matters enumerated in the second subdivision, *i. e.,* to "pave and otherwise improve . . . any street . . . around said parks," § 10 of the act granting it sole and exclu-

sive authority as to connecting streets is elucidating, as it would hardly be maintained that the authority of the commission would be limited as to streets immediately surrounding the park and yet be sole and exclusive as to connecting streets with other parks, perhaps miles away. Then again the commission has the power "to establish building lines for all property fronting on any park, boulevard, or way under the direction and control of such commission, and to control the subdivision and platting of property within 400 feet thereof." The manifest purpose of all this is plain. The intent was to grant the commission the power to supervise property immediately beyond and adjoining the park, inclusive of boundary streets, that such public property and also adjoining private property may be regulated to procure and require uniformity of building lines, parking, boulevarding, and pleasing symmetry of contour, all conducing to the beauty of the park and to the benefit of the public. Certainly the legislature did not intend to grant such power of regulation and control and yet leave within the jurisdiction of another authority, the city council or city governing body, concurrent authority to "lay out, open, grade, curb, and otherwise improve" streets around said parks. On the contrary the statute explicitly grants such power exclusively to the commission as an included power to "otherwise improve any . . . street around said parks." And in the first subdivision it is stated that said commission "shall have sole and exclusive authority to maintain, govern, erect, and improve the same" (the park and immediately adjacent property). So construed the statute is an harmonious whole. So construed there can be no conflict of authority between the governing body of the city and the powers of the park commission, the express and implied powers of the latter superseding and excluding the exercise by the city through its council of any powers expressly or impliedly granted the park commission as to the property held by the park district in trust for the city, together with the streets and property immediately surrounding and abutting it, so far as the matters mentioned in the statute and committed to the care of the park commission are concerned.

Referring now to the assessment for paving of the street alongside of this park. The power to do this paving is conferred in express terms upon the park commission, and by necessary inference the power of the city council to pave said street is thereby excluded and withdrawn.

By the 4th subdivision of § 4059, together with § 4062, full authority is granted the park commission, and the manner of its exercise prescribed, and it is authorized thus "to levy special assessments on all property specially benefited by the . . . improvement of . . . such boulevards and ways or streets or ways about the same." The park commission alone possessed the power to pave and to levy special assessments to pay therefor against the property benefited throughout the park district, i. e., the city of Fargo. · In the manner of its exercise "the park district shall be governed by and shall follow the laws enacted for the government of cities." Section 4062. In other words, the park district, by its park commission, shall levy any such assessment through the use and assistance of such city officers as the city council would employ to make a special assessment against property benefited. The park commission, therefore, would utilize the services of the city special assessment commission, the city auditor and surveyor, and any other officers ordinarily connected with such an assessment. The park commission would sit in confirmation of the report of the special assessment commission, hear all appeals from that commission's report to it that would otherwise be taken to the city council, confirm and levy any special assessment made for this improvement,· and take any other steps necessary and usual and generally performed by the city council in ordinary special assessments. The power to levy special assessments being with the Park Commission, it is within their power to spread the entire amount to be repaid by special assessments upon private property, instead of levying the same or any portion of the same against park property. Without passing upon the power of the commission to levy an assessment upon this park property, it may be said that there is nothing in the statutes requiring it under these circumstances. Instead, from the fact that such park district is coextensive with the limits of the city, and that property at some distance from the park may be specially benefited by its being beautified through the paving of the streets adjoining the park and because of its increased accessibility to the park, such outlying property may be specially assessed upon such benefits, and the proportionate cost of the improvement here sought to be assessed against the park may be equitably distributed by special assessment over a considerable extent of surrounding private property, if not throughout all the city, and there may be accomplished by special assessment

that which the city is seeking to do indirectly through the agency of direct taxation by the park commission. The park belongs to the city, is for the benefit of the whole city, and to the proportionate extent that it specially benefits any or all the property owners within the city their property may be specially assessed. It is, therefore, unnecessary to pass upon whether this park property may or may not be specially assessed for benefits. It will be assumed that as the board of park commissioners have refused .to levy a tax to defray any part of the assessment attempted to be levied against the park, that it would not levy a special assessment against it. Granting that the commission has the power to specially assess the park, it rests in its discretion as to whether it will so exercise it, it having the exclusive power to levy.

Statutes closely similar to ours upon the subject of parks and park commissions do not seem to be plentiful. Illinois, New York, Michigan, Ohio, and probably other states have such. Doubtless our statute is patterned after those of Illinois, that state having most comprehensive legislation on the subject and being most closely analogous to ours. Before the adoption of the first legislation by this state creating a park commission, Chicago had been governed for years in such respects by a commission the powers of which had been defined as exclusive as against the general governing body of the city. West Chicago Park Comrs. v. Chicago, 152 Ill. 392, 38 N. E. 697. These statutes had been passed upon in different phases in Chicago v. Carpenter, 201 Ill. 402, 66 N. E. 362; Cicero Lumber Co. v. Cicero, 176 Ill. 9, 42 L.R.A. 696, 68 Am. St. Rep. 155, 51 N. E. 758; Aldis v. South Park Comrs. 171 Ill. 424, 49 N. E. 565; West Chicago Park Comrs. v. Sweet, 167 Ill. 326, 47 N. E. 728; West Chicago Park Comrs. v. McMullen, 134 Ill. 170, 10 L.R.A. 215, 25 N. E. 676; Chicago & N. W. R. Co. v. West Chicago Park Comrs. 151 Ill. 204, 25 .L.R.A. 300, 37 N. E. 1079; McCormick v. South Park Comrs. 150 Ill. 516, 37 N. E. 1075; Thorn v. West Chicago Park Comrs. 130 Ill. 595, 22 N. E. 520; People ex rel. Bransome v. Walsh, 96 Ill. 232, 36 Am. Rep. 135; West Chicago Park Comrs. v. Farber, 171 Ill. 146, 49 N. E. 427. For the most recent cases see Chicago City R. Co. v. South Park Comrs. 257 Ill. 602, 101 N. E. 201, and Van Nada v. Goedde, 263 Ill. 105, 104 N. E. 1072. These authorities sustain this opinion.

That this decision may not be misleading it should be observed that

there is an implied limitation upon the exclusive jurisdiction and authority of the park commission over streets bordering parks or adjacent thereto. This limitation is found within the statute authorizing their jurisdiction for park, boulevard, and way purposes. In furtherance of such purposes the legislature has delegated to this board certain exclusive control as may be necessary to do the acts enumerated by the statute and those necessarily implied therefrom in carrying out the purpose. But there is reserved to the city over such property such rights as are necessarily incidental to its rights to grant franchises to use such streets, boulevards, and ways, such as the authorizing of street car lines, installing of sewer and water mains as part of the sewer and water systems for the city, and other reserved powers. Chicago City R. Co. v. South Park Comrs. 257 Ill. 602, 101 N. E. 201–205. And, on the other hand, what has been said as to the power of the park commission over city parks applies equally to city boulevards.

Respondent has cited § 3702, Comp. Laws 1913 (§ 2776, Rev. Codes 1905), granting cities general power, among others, to grade and pave streets, and contends that since said power has not been limited, although the various acts creating the park board have subsequently been enacted, that it should be held as controlling and granting the right to the city council in all cases to pave and pay therefor by special assessments. Instead, this power granted the city applies as to all cities not adopting park district control. It is a general statute. Those cities having park districts constitute exceptions thereto. To them the general statute has no application further than a general grant of power to the city, while the power itself is exercised by the park commission, instead of through channels that would carry it into effect in cities not having a park district system. And as to the term "way" respondent urges that exercise of sole and exclusive power having been authorized by the park commission over ways without special mention of streets in the first subdivision of § 4059, that by a necessary inference such authority over streets has been reserved to the governing body of the city. For reasons heretofore stated the statute will not bear that narrow interpretation. Besides, respondent overlooks the fact that "boulevards and ways" are used together, and a street may be either and either or both may be streets, according as the context requires interpretation. Chicago City R. Co. v. South Park Comrs. supra.

All questions raised necessary to a decision are passed upon by what has already been indicated as the law. But inasmuch as it is the duty of a court of equity upon invalidating an assessment to declare the status of proceedings, instead of leaving the authorities in the dark as to how to proceed (Edwards v. Cass County, 23 N. D. 555, 137 N. W. 580; Comp. Laws 1913, § 3715), the further course of proceedings that may be necessary will be indicated.

The paving should have been authorized by and constructed under the jurisdiction of the park commission, the power to levy the assessment therefor. However, acting under a misapprehension of law, the city council have attempted to authorize the paving, and the same has been put in and undoubtedly constitutes in fact an improvement, and one that would have been within the power of the park commission to have authorized and constructed. Apparently private property owners have acquiesced in what has been done, and like the city have secured benefits. The park commission possess only a public interest in the matter. They act only on behalf of the city and as its agent. As the park will not necessarily be assessed, the park commission has no such pecuniary interest as would give it standing to oppose, on behalf of the public, the improvement to the city if it is such in fact. In equity no sound reason exists why the park commission should not adopt the benefits, and validate as far as possible the irregular, and perhaps void, acts of the city council. The park commission may therefore proceed with their duty in the premises. It may declare the necessity for the improvement to have existed, ascertain the cost thereof and the benefits therefrom, and, using the proper agencies and officials, proceed to specially assess the property specially benefited within its park district the same as though it had originally authorized the work. Of course it will afford opportunity to all aggrieved property owners to be heard before confirming any assessment it may levy. Sections 3711–3714, Comp. Laws 1913, authorize the procedure indicated to the end that the property specially benefited by this public improvement shall not be permitted to escape payment of its proportionate share of benefits received. It will be assumed that the park commission will do its full duty, and no writ will issue, and the judgment appealed from will be set aside. As but city officials are involved, and the question has been only one of

regularity of the exercise of power by one or the other of two city boards, no costs on trial or on appeal will be taxed, and the proceeding will be dismissed.