## VILLAGE OF REEDER, ADAMS COUNTY, NORTH DAKOTA, Plaintiff and Respondent, v. SEVERT HANSON and John Hanson, Defendants. SEVERT HANSON, Defendant and Appellant.

(213 N. W. 492.)

**Eminent domain — powers of village board — establishing streets — courts.**

1. The board of trustees of a village is vested with power to determine whether there exists a public necessity for establishing, laying out and opening a street, or streets, within the village, and such determination is not subject to judicial review; and when thereafter it becomes necessary for the village to maintain an action to condemn property for the purpose of establishing and laying out such a street, or streets, the only question of necessity for the court to determine in such action is whether the particular property sought to be condemned is necessary for such purpose.

**Eminent domain — determination by village board — necessity of street — form of announcement.**

2. The laws of North Dakota do not require the board of trustees of a village to announce their determination that a public necessity exists for the establishment, laying out or opening of a street in any particular form; and the determination is sufficient as a basis for an action to condemn property for street purposes whether evidenced by ordinance or by resolution.

**Eminent domain — publication of resolution not prerequisite.**

3. Where the determination of the board of village trustees that a public necessity exists for the opening of a street is evidenced by a resolution, pub-

---

Annotation.—(1) Judicial inquiry into necessity of taking land for public use under power of eminent domain, see 10 R. C. L. 184; 2 R. C. L. Supp. 987; 4 R. C. L. Supp. 657; 5 R. C. L. Supp. 547; 6 R. C. L. Supp. 604.

(3) As to necessity of publication of resolution condemning land for public use, see 10 R. C. L. 205.

lication of ·such resolution is not a jurisdictional prerequisite to the right of the village to maintain a condemnation action.

**Eminent domain — party answering complaint held to waive objection.**

4. For reasons stated in the opinion, it is *held* that the appellant waived certain objections urged, on this appeal, to the original complaint and to allegations of new matter in the amended complaint.

**Eminent domain — village organized as park district — trustees cannot condemn for park purposes.**

5. Where a village has organized as a park district under the provisions of §§ 4064–4071, Comp. Laws 1913, the board of village trustees has no jurisdiction over the parks of the village and, hence, such board has no right to maintain an action to condemn land for·park purposes.

**Evidence — in action to condemn land for streets, evidence as to value of farm lands inadmissible.**

6. In an action to condemn lands for street purposes, it is *held*, for reasons stated in the opinion, that evidence as to prices paid by an adjacent township for right of way for highways within the township is inadmissible for the purpose of proving the value of the land in suit.

Opinion filed April 21, 1927.

Appeal and Error, 3 C. J. § 638 p. 745 n. 14; § 639 p. 746 n. 16.  Eminent Domain, 20 C. J. § .112 p. 627 n. 95, 96; § 113 p. 630 n. 3; § 314 p. 887 n. 42; § 316 p. 891 n. 77; p. 892 n. 87 New; § 374 p. 965 n. 72, 73.  Evidence, 22 C. J. § 855 p. 761 n. 50, 51, 53; p. 762 n. 57.  Pleading, 31 Cyc. p. 467 n. 46; p. 717 n. 71; p. 719 n. 78; p. 750 n. 44; p. 753 n. 64.

Appeal from the District Court of Adams County, *Lembke,* J. Defendant Severt Hanson appeals from a judgment in favor of the plaintiff and from an order denying a motion for judgment notwithstanding .the verdict, or for a new trial.

Reversed.

*F. M. Jackson* and *Emil Scow,* for appellant.

"The complaint whether original or amended can properly speak only of things which occur before or concurrently with the commencement of the action." 1 Bancroft, Code Pl. 660:

"The village council has not the power by ordinance passed while the condemnation suit is being tried, to change the terms of the resolution and of its application so as to ask to appropriate more or less than is demanded therein." Grant v. Hyde Park (Ohio) 65 N. E. 891.

*Paul W. Boehm* and *Pat Morrison,* for respondent.

"In the absence of statute to that effect a formal resolution is not a

pre-requisite to condemnation proceedings." 20 C. J. 892; State v. Snohomish County, 127 Pac. 591; Central R. Co. v. Feldman, 92 Pac. 849.

"A municipal ordinance or by-law is a regulation of a general, permanent nature, enacted by the governing council of a municipal corporation." State v. Summers, 33 S. D. 40, 50 L.R.A.(N.S.) 206, 144 N. W. 730.

"Amendments have been allowed to alter the allegations of the petition as to matters of jurisdiction, as to the title of the land sought to be obtained, as to description of the land, as to the quantity of the land desired by lessening or increasing the quantity, or as to the location of the improvement." 8 Standard Proc. 296.

The right to appropriate private property for public use is an attribute of sovereignty and can be exercised only by the legislature. Stockton & V. R. Co. v. Stockton, 41 Cal. 147.

It is therefore necessary for the legislature alone to determine the time and occasion for exercising the power of eminent domain. Bennett v. Marion, 106 Iowa, 623, 75 N. W. 844.

"There is no arbitrary standard by which to determine whether the purpose to which the property is appropriated possesses the elements of a public utility." Paxton & H. Irrigating Canal & Land Co. v. Farmers' & N. Irrigating & Land Co. 45 Neb. 884, 29 L.R.A. 853, 50 Am. St. Rep. 585, 64 N. W. 343.

"The courts have not sought to fix a positive standard for the measurement of a public use, and, in the nature of the subject, possibly could not do so." Ryan v. Louisville & N. Terminal Co. 102 Tenn. 111, 45 L.R.A. 303, 50 S. W. 744.

"In an action by a municipality to condemn property for street purposes, it is unnecessary to allege or prove the public necessity for such street. The power to determine this question has been expressly delegated to the legislative department of such municipalities, and its determination is conclusive. The only question of necessity for the court to determine is as to whether the particular property sought to be condemned is necessary for such public use." Grafton v. St. Paul, M. & M. R. Co. 16 N. D. 313, 113 N. W. 598.

"Discretion as to time within which sales must have been made in order that proof of the price paid may be received is broad." Roberts

v. Boston, 149 Mass. 346, 21 N. E. 668; Hunt v. Boston, 152 Mass. 168, 25 N. E. 82.

CHRISTIANSON, J. This is a condemnation action instituted by the village of Reeder to condemn eight tracts of land belonging to the defendant Severt Hanson. The first seven tracts are sought to be taken for street purposes and the eighth tract containing some 36.12 acres is sought to be taken for "public grounds." The case was tried to a jury which returned a verdict fixing the value of the tracts so sought to be taken in sums aggregating in all $1204.60. The trial court made findings in favor of the plaintiff upon all other questions involved and ordered judgment in favor of the plaintiff. Thereafter the defendant Severt Hanson moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and the defendant has appealed from the judgment and from the order denying such motion.

Numerous errors are assigned by the appellant; some going to the right of the plaintiff to maintain the action at all; others relating to the admissibility of certain evidence offered by the plaintiff as regards the value of the lands in question, and admitted by the court over the defendant's objection.

Upon the trial there was introduced in evidence, a resolution adopted by the board of trustees of the village of Reeder on April 28, 1925, declaring that "it is deemed necessary to open and lay out the following streets, alleys, grounds and public places within the corporate limits of the village of Reeder." The resolution thereupon describes the eight tracts of land involved in this action. There was further introduced in evidence a resolution of the board of trustees of the village of Reeder to the same effect adopted April 20, 1925. This resolution, however, described only five of the tracts of land covered by the judgment in this action. This action was commenced by the service of summons and complaint on April 20, 1925. The original complaint described only the five tracts of land described in the resolution of April 20. On April 28, 1925 (the same day that the Village Trustees adopted the second resolution), plaintiff served an amended complaint, describing the eight tracts of land described in the second resolution, and praying judgment that all such tracts be taken for the stated public uses. There was no motion to strike the amended complaint, or any part thereof;

but the defendant, Severt Hanson, on May 7th 1925, appeared and interposed his answer to the amended complaint. The answer admitted that the defendant is the owner of the tracts of land described in the amended complaint; and stated that he offered no objection to the condemnation of three tracts described in the amended complaint, sought to be taken for street purposes; but asked that he be awarded a reasonable compensation for the value thereof. As regards the other four tracts sought to be taken for street purposes, the defendant denied the necessity of taking the particular properties sought to be condemned for such purposes; and as regards the tract of land sought to be taken for "public grounds" defendant asserted that "no public necessity exists" for the taking of such premises for public use; also that the village of Reeder is without power to condemn said land for "public grounds."

On the trial oral testimony was adduced on the part of the plaintiff tending to show the necessity for the taking of the seven tracts of land, sought to be taken for street purposes; and similar testimony was adduced on the part of the defendant tending to controvert the testimony offered by the plaintiff, as to several of these tracts. As regards the tract sought to be taken for public grounds, some of the officials and residents of the plaintiff village gave testimony tending to establish that a necessity existed for the taking of such tract of land for the purpose of establishing thereon a tourist camp, baseball grounds, play ground, and generally for large public meetings and celebrations. (It was also suggested that the tract might be used for an aeroplane landing field.) In view of the conclusion that we have reached as to the disposition that must be made of this case it is not necessary to make any more extended statement of the evidence.

The first contention of the appellant is that the action must fail because there was no publication of the resolution of the village trustees declaring the necessity for the public improvements and the taking of the land in controversy for public use. In support of this contention appellant cites and relies upon the decision of this court in Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836. The contention thus advanced by the appellant is fully answered by the subsequent decision of this court in Lidgerwood v. Michalek, 12 N. D. 348, 97 N. W. 541, wherein this court found it necessary to review some of the questions discussed

in Fargo v. Keeney, supra, and disapproved of certain language contained in the opinion in that case. In Lidgerwood v. Michalek, supra, this court specifically held that publication of a resolution determining the public necessity for opening or laying out a street is not a jurisdictional prerequisite to the right of a city to institute an action to condemn the land required for such purpose. 12 N. D. 352, 97 N. W. 541.

It is next contended by the appellant that the action must fail because there was not attached to the original complaint a sufficient plat showing the location, general route and termini of the right-of-way of the street sought to be extended or opened over, and upon, the tracts of land sought to be condemned for street purposes. (Comp. Laws, 1913, § 8220, subd. 4.) It is further contended that the action must fail because the resolution of the village trustees declaring the necessity for the taking of the eight tracts of land in controversy had not been adopted at the time the action was instituted. We think that a sufficient answer to both of these contentions is that the resolution of necessity was adopted before the amended complaint was served and the amended complaint was accompanied by a proper map. The defendant made no objection to the amended complaint by motion to strike, or otherwise, but appeared generally and interposed an answer joining issue with the amended complaint. The trial was had upon the issues framed. The above stated objections to the original and amended complaint were not mentioned by defendant's counsel until after the trial had commenced and witnesses were being examined, and even then there was merely a general objection to the effect that the court had no jurisdiction in the matter. We think that in the circumstances the defendant is in no position to raise these questions and that he must be deemed to have waived whatever objections he, in the first instance, might have been entitled to interpose. It is a fundamental rule that an objection to a pleading, of this nature, may be, and will be, deemed waived by failure to urge it at the proper time, or by any act which, in legal contemplation, implies an intention to overlook it. See 31 Cyc. 717 ?735, 752 et seq. See also 3 C. J. 745 et seq. The ruling, most favorable to the defendant, that could possibly have been made upon the objections now urged (even according to his contention) would have been a dismissal of the action. This dismissal, however, would clearly have been with-

out prejudice to the institution of another action upon the facts alleged in the amended complaint. As has been stated the summons and original complaint were served April 20, 1925; the amended complaint was served April 28, 1925, and the defendant interposed his answer to the amended complaint on May 7, 1925. If the defendant had raised the procedural objections now urged at the time he served his answer, and if those objections had been sustained to the full extent for which defendant now contends, the plaintiff would have had ample time to institute a new action upon the facts stated in the amended complaint and bring the same on for trial at the December 1926 term of said district court.

The principal assignment of error predicated upon rulings on the admissibility of evidence concerns evidence adduced by the plaintiff to show the value of the land sought to be condemned. Among the many errors so assigned is one relating to the admission of the testimony of one Hamann. He testified that he is a supervisor of Reeder township and resides some three miles east of the village of Reeder; that as supervisor of said Reeder Township he had bought land from different parties for road purposes. His testimony did not show when these lands were bought or where they were situated within the township, and yet he was permitted to testify, over appropriate objection on the part of the defendant challenging the admissibility of the evidence, that the highest price he had paid for any of the land so purchased for road purposes was "twenty-five dollars an acre including the damage." The inadmissibility and prejudicial character of this evidence is, we think, too clear for controversy and must of necessity result in a reversal of the judgment. Whether the value of lands can be shown by evidence of prices paid at actual sales of other lands in the neighborhood is an open question in this jurisdiction; but, even in those jurisdictions where evidence of other sales is held to be admissible for the purpose of proving value, the evidence is restricted to voluntary sales, not too remote in point of time, of lands of similar character in that immediate vicinity. 13 Enc. Ev. pp. 460 et seq.; 1 Jones, Ev. § 168; Dallas v. Boise, 44 Or. 302, 75 Pac. 208; Simons v. Mason City & Ft. D. R. Co. 128 Iowa, 139, 103 N. W. 129.

Inasmuch as a new trial must be had, we deem it proper to consider some of the questions likely to arise upon another trial. The functions

and powers of the legislative department of a city or village, as regards the opening of streets, has been considered by this court in the following cases: Lidgerwood v. Michalek, 12 N. D. 348, 97 N. W. 541; Grafton v. St. Paul, M. & M. R. Co. 16 N. D. 313, 22· L.R.A. (N.S.) 1, 113 N. W. 598, 15 Ann. Cas. 10; Ashley v. Minneapolis, St. P. & S. Ste. M. R. Co. 37 N. D. 147, 163 N. W. 727.

The rules announced in these cases should furnish a guide to the governing boards of villages and cities, and their legal advisers, in such matters. Our statutes expressly confer upon the board of trustees of a village· the power to lay out and open streets. Comp. Laws, 1913, § 3861, subd. 9; Ashley v. Minneapolis, St. P. & S. Ste. M. R. Co. supra. Our statutes further authorize a city or village, whenever it becomes necessary to so do, to exercise the right of eminent domain to effectuate such purpose. Comp. Laws, 1913, § 3985; Lidgerwood v. Michalek, supra. And it has been definitely settled by the decisions of this court that the question of the necessity for the extension of a street within a city or village is a legislative, rather than a judicial, question; that the power to determine the same is vested in the city council or the board of village trustees, as the case may be, and that the only question of necessity to be determined by the courts is as to whether the particular property sought to be condemned is necessary for such public use. Grafton v. St. Paul, M. & M. R. Co. 16 N. D. 313, 22 L.R.A.(N.S.) 1, 113 N. W. 598, 15 Ann. Cas. 10; Ashley v. Minneapolis, St. P. & S. Ste. M. R. Co. supra. In this state there is no specific statutory requirement that the determination of necessity by the city council or village trustees be announced in any particular form. In other wards, there is no statutory requirement, either that such determination be evidenced by an ordinance or by a resolution; and in the absence of such statutory requirement it is sufficient if the will of the governing ˏbody be manifested in either form. State, Van Vorst, Prosecutor v. Jersey City, 27 N. J. L. 493, 498; Edwards v. Cheyenne, 19 Wyo. 110, 114 Pac. 677, 122 Pac. 900. The reported cases show that in this state both forms have been used. Thus, in Lidgerwood v. Michalek, supra, the decision of the city council of ˙the question of necessity was evidenced by a resolution, and in Grafton v. St. Paul, M. & M. R. Co. supra, such determination was evidenced by an ordi-

nance. In each of the cases the action of the governing body was held to be sufficient.

There is some intimation in the record, and upon the argument of this case it was admitted as a fact, that the Village of Reeder has availed itself of §§ 4064–4071, Comp. Laws 1913, which statutory provisions authorize a village to organize as a part district. If this be true, it necessarily follows that the board of trustees of a village have no power to maintain an action to condemn property for park purposes. Fargo v. Gearey, 33 N. D. 64, 156 N. W. 552. Hence, the action must of necessity fail as regards the tract sought to be condemned for park purposes. The right to maintain such action, is vested in the park commissioners. Comp. Laws 1913, § 4068, subd. a; Fargo v. Gearey, supra.

For the reasons heretofore stated, the judgment must be reversed and a new trial had. It is so ordered.

BIRDZELL, Ch. J., and BURKE, BURR, and NUESSLE, JJ., concur.