G. W. BISCHKE, Plaintiff and Appellant, v. THE CITY OF MINOT, a Municipal Corporation, et al., Defendants and Respondents.

(215 N. W. 81.)

**Municipal corporations — When there is no conflict of jurisdiction between commission and municipal authorities.**

1. Under subdivisions 2, 4, and 10 of § 4059 of the Compiled Laws of 1913 and the Supplement to the Compiled Laws, affirmative action by a park commission is required in order to assume jurisdiction of a street bordering upon a park for the purpose of paving or otherwise improving the same, and where such action has not been taken there is no conflict of jurisdiction between the municipal authorities and the park commission.

**Prior case distinguished.**

2. Fargo v. Gearey, 33 N. D. 64, where the street involved lay within the park area and constituted a part of the park, is distinguished.

Opinion filed August 3, 1927.

Courts, 15 C. J. § 376 p. 970 n. 32. Municipal Corporations, 28 Cyc. p. 1108 n. 60 New.

Appeal from the District Court of Ward County, *Lowe,* J.
Affirmed.
*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.
*H. L. Halvorson, R. H. Bosard,* and *F. B. Lambert,* for respondents.

PER CURIAM. This is an appeal from a judgment dismissing the plaintiff's suit for injunction. The action was brought by the plaintiff, a taxpayer and owner of property within paving district No. 13 in the city of Minot, against the city of Minot, the park district of the city of Minot, and the contractors with whom the city had entered into a contract for certain paving work in paving district No. 13. The basis for the relief sought by the plaintiff is that the paving district borders and abuts upon Roosevelt park, one of the public parks owned and maintained by the park district of the city of Minot, and that the defendant, city of Minot, was proceeding to pave a street so bordering and abutting through special assessment proceedings and that, by reason

of the fact that the street in question bordered upon a park or parks, jurisdiction to improve the same by paving was within the park board rather than the officers of the municipality. The plaintiff's contention is grounded upon subdivisions 2, 4, and 10 of § 4059, Compiled Laws of 1913, Supplement to the Compiled Laws, which read:

"The Park Commission shall have power:

.     .     .     .     .     .     .     .     .

"(2) To lay out, open, grade, curb, pave and otherwise improve any path, way or street, in, through or around said parks and to construct, erect, build, maintain, manage, govern, and erect any and all buildings, pavilions, play and pleasure grounds or fields and such other improvements of a like character as may be deemed necessary.

.     .     .     .     .     .     .     .     .

"(4) To levy special assessments on all property especially benefited by the purchase, opening, establishment and improvements of such parks, boulevards and ways or streets or ways about the same.

.     .     .     .     .     .     .     .     .

"(10) To connect any park or parks owned or controlled by it with any other park or parks, and for that purpose to select and take charge of any connecting street or streets or parts thereof and the said park commission shall have sole and exclusive charge and control of such street or streets so taken for such purpose."

It is contended that, under these statutes as construed by this court in the case of Fargo v. Gearey, 33 N. D. 64, 156 N. W. 552, the jurisdiction of the street in question for the purpose of the contemplated improvement is exclusively in the park commission rather than in the municipal authorities. There is first to be noted this distinction between the facts of the instant case and the Fargo Case, supra. In the present case the facts are that the park district acquired the property abutting the street long after the street had been created. The street is not one laid out, opened, graded, curbed, paved or otherwise improved by the park district and the district has never selected or taken charge of the street or any part thereof as a part of its park system, nor in any manner taken or acquired jurisdiction over the street. By specific resolution of the park board it is declared that the board does not desire to select said street or to take jurisdiction, charge or control of the same, and by resolution it has agreed to petition the city to pave

the street and resolved to pay its proportionate share of the cost. In the Fargo Case it appeared that the paving for which the park district was sought to be assessed was caused to be done by the city without the request or consent of the defendants on Fourth street south, a street abutting Island park on the east and on such part of the street as constituted originally a part of Island park. The park had been deeded by the Northern Pacific Railway Company and dedicated to the city for use as a public park, and consisted of a tract of land of 40.59 acres, more or less, lying between Second avenue south and Sixth avenue south, and between Seventh street on the west, and the Red river of the North, and the east line of Fourth street extended south from its intersection of the Red river to Sixth avenue south. The improvement for which the special assessment was made was the improvement of Fourth street south, the west side of which abutted the park property from Second avenue south to Sixth avenue south and the east side of which abutted the park property from Second avenue south to St. John's Hospital grounds. The street, in other words, upon which the paving was done, was one within the area of the park which was under the jurisdiction of the board of park commissioners, who had exercised sole and exclusive authority of the maintenance, government and improvement of the premises which constituted a part of its park system. The street, however, had been maintained by the city as a public street for more than twenty-five years. In the instant case the park board had merely acquired the property abutting the street, and it does not appear that the street is within the park nor that the park board has ever, by resolution or otherwise, attempted to exercise jurisdiction over the street as a part of the park system.

What is said, therefore, in Fargo v. Gearey, supra, with respect to the conflict of jurisdiction, must be read in light of the facts showing the actual conflict of jurisdiction in that case. We are of the opinion that the statute which gives to the park board authority to lay out, open, grade, curb, pave, etc., streets running through or around parks, is not to be construed with respect to streets already laid out and abutting parks as conveying exclusive jurisdiction for paving where the park board has not, by resolution or otherwise, assumed the exercise of jurisdiction over the street abutting the park as a part of the park system. Subdivision 10 of § 4059, supra, contemplates an affirmative

act of selection and taking charge of streets connecting parks where it is thought desirable to make them a part of the park system. Hence, the power of the park commission is not the measure of its actual jurisdiction in particular instances, as it may not have exercised its power. It may be content with the character and improvement of streets that connect parks as the same are maintained by the city, and it may likewise be content with the continued jurisdiction of the city over streets that merely abut the park. Otherwise, small areas in residential sections held by the park board merely as sites for monuments or otherwise would require special proceedings by the board in order to carry out uniform improvement of the street or might make impossible the uniform improvement. We are of the opinion that there is no conflict of jurisdiction within the rule of the Fargo Case with respect to an abutting street until there has been an authorized assumption of jurisdiction over the same for park purposes. That is lacking in this case. It was necessarily present in the Fargo Case; for the street was wholly within the park area and the board could not relinquish jurisdiction without abdicating its power. Only the park board has authority to pave a street or roadway within a park.

Further referring to the case of Fargo v. Gearey, supra, it is to be noted that the cases chiefly relied upon in the opinion are cases from Illinois arising under a statute that is said to be "most closely analogous to ours." A reading of the Illinois statute will disclose that the assumption of jurisdiction by a park board over streets lying outside the park proper must be with the consent of the corporate authorities having control of the street or streets. See Revised Statutes of Illinois, 1915, 1916, chap. 105, § 102; also, chap. 105, § 49. This implies not only that without the consent of the corporate authorities the attempted assumption of jurisdiction by the park board would be futile, but also that affirmative action is required on the part of the park board to make its jurisdiction attach. The Illinois cases cited make it clear that, once the jurisdiction of the park board has attached, conflicting jurisdiction of the municipal authorities has ceased. While our statute fails to make provision for obtaining the consent of the municipal authorities, it is analogous to the Illinois statute in authorizing the park board to improve adjoining streets (Ill. Rev. Stat. 1915, 1916, chap. 105, §§ 49 and 105) ; and we are of the opinion that the analogy

extends to the requirement of affirmative action by the park board as a condition of the exercise of its jurisdiction, and without this action there is no conflict.

It follows that the judgment appealed from must be affirmed. It is so ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, BURR, NUESSLE, and BURKE, JJ., concur.