(107 App. Div. 577.)

WESTMINSTER HEIGHTS CO. v. DELANY, Corp. Counsel.

(Supreme Court, Appellate Division, Second Department.   October 6, 1905.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—OPENING STREETS—ASSESSMENTS—PROPERTY LIABLE.

  Greater New York Charter, Laws 1897, p. 355, c. 378, § 992, as amended by Laws 1901, p. 421, c. 466, provides that the owner of land within the lines of a street laid out on the city map may without compensation convey his title to the city, and, if the title is good, the corporation counsel shall have the conveyance recorded; and after the making and acceptance of the conveyance no proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on the portion of the street so conveyed be chargeable with any of the expense of opening the residue of the street, except a fair proportion of the awards that may be made for buildings.   Section 994 (Laws 1901, p. 422) provides that the city may at any time, either before or after the appointment of commissioners, agree with the owner for the cession of land required of him, and on the compensation to be made to him and the sum to be paid by him in the premises.   *Held*, that one may, after application of the city to open a street, at least before appointment of commissioners, make a voluntary conveyance to the city of his land in the street, with the effect provided by section 992.

Appeal from Special Term, Kings County.

Application of the Westminster Heights Company for writ of mandamus to John J. Delany, corporation counsel of the city of New York.  From an order denying the writ, relator appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Alexander McKinny, for appellant.

James F. Quigley, for respondent.

HIRSCHBERG, P. J.   This appeal is a sequel to that taken by the same appellant in the matter of the application of the city of New York

for the opening of Avenue L, etc. (decided herewith) 95 N. Y. Supp 245. After the appointment of commissioners of estimate and assessment in that case, the appellant applied at Special Term before another justice for an order directing the issuance of a peremptory writ of mandamus, compelling the corporation counsel of the City of New York to accept and record the deed of the land belonging to the appellant and required by the city in the proposed improvement, which had been duly executed and delivered to him, but which he refused to accept on the ground that it was untimely. The motion was heard and decided at the Special Term by the justice other than the one who appointed the commissioners of estimate and assessment in the matter hereinbefore referred to. The order in that case and the one herein appealed from were made on the same day, viz., September 26, 1904; but the opinion of the learned Special Term on the other motion must have been handed down before, for it was adopted and followed on this motion in a memorandum which indicates that the court was influenced by comity rather than by conviction.

On the 3d day of May, 1903, the board of estimate and apportionment of the city of New York, pursuant to the authority conferred by section 970 of the Greater New York charter (chapter 378, p. 342, Laws 1897, as amended by chapter 466, p. 405, Laws 1901), duly directed the corporation counsel of the city to institute legal proceedings for the opening and extending of Avenue L, in the borough of Brooklyn, from the easterly side of Nostrand avenue to the westerly side of Flatbush avenue. In accordance with this direction the corporation counsel thereafter applied to the Supreme Court for an order appointing commissioners of estimate and assessment, and the order was granted against the appellant's opposition. The appellant had meanwhile, on May 3, 1904, executed and delivered to the corporation counsel a deed or deeds of conveyance ceding its title to the city in the land owned by it in Avenue L on the line of the proposed improvement, with the necessary money for recording, accompanied by pertinent affidavits and an abstract of title and searches, in accordance with the provisions of section 992 (Laws 1901, p. 421) of the city charter, supra. No question is raised as to the title or the sufficiency of the attempted transfer, but the corporation counsel refused to accept the title offered for the sole reason, as stated in the opposing affidavit, that:

"He did not believe that, under the charter, he had any authority to accept same after the institution of proceedings to open the street, and that the proper method of procedure for the property owner, wishing to deed land in the street after the institution of proceedings, was to apply to the board of estimate and apportionment, under section 994 of the Greater New York charter."

The order appealed from sanctions the act of the corporation counsel in rejecting the proffered title.

Section 992 of the charter, so for as applicable to this appeal, provides that the owner of lands in the street an entire block in extent may, without compensation and at his own expense, convey his title to the city free from incumbrances; that upon the delivery of such conveyance to the corporation counsel, with the money, affidavits, abstract, and searches as already stated, it shall be the duty of said corporation coun-

sel to examine such conveyance and papers, and, if the title is not rejected for good cause, he shall cause the conveyance to be duly recorded within 60 days; that thereupon the city shall become vested with the title to the same effect and extent as if it had been acquired in a street opening proceeding; and that, after the making and acceptance of such conveyance, no proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on the portion of the street so conveyed, and extending to the center of the block on either side, be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings. Section 994 provides that it shall be lawful for the city at any time or times, either before or after the appointment of commissioners, to agree with the owner for the cession of the land required of him, and for and about the compensation and recompense to be made to him, and for and about the allowance or sum to be paid by him in the premises.

No limit of time is prescribed in section 992, and it seems arbitrary and unreasonable for the court to import into the section a limitation which will require of the owner a cession of his land, as soon as it has been laid out as a street upon the city map, and before it has been decided to open the street, in order to make the cession effective. No good reason appears why the owner should not be allowed to give his land to the city without compensation, whenever the city, through its proper officers, shall determine that the time has arrived when public interest requires its use as a street, and before any expense has been incurred in the process of condemnation. If, however, a limit of time for the voluntary cession is to be imposed by construction, it should be ascertained from the context of the statute; and the precise provision of section 994 that an agreement for a cession with compensation to the owner could be made either before or after the appointment of commissioners would seem to indicate that the legislative intent was that at any time, at least before such appointment, the property owner would be at liberty to give to the city the land required for the public improvement. The difference between the two sections of the charter relates chiefly to the question of recompense, in the one the land to be given away, and in the other to be sold on terms agreed upon by the parties. The view taken is strengthened to some extent by the provision of section 992 that after the voluntary cession no proceedings for condemnation shall be taken or maintained, which seems significant of the suggestion that a proceeding may already have been taken at the time the land is voluntarily relinquished, and which, because of such relinquishment need no longer be maintained for the acquisition of the particular parcel concerned.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except BARTLETT, J., not voting.