(107 App. Div. 581.)

## In re AVENUE L IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 6, 1905.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—OPENING STREETS—ASSESSMENTS—PROPERTY LIABLE.

> One who has made a voluntary conveyance to the city of land on the line of a street, under Greater New York Charter, Laws 1897, c. 378, p. 342, § 970, as amended by Laws 1901, p. 1184, c. 466, § 992, is not entitled to have the land entirely excluded from proceedings for appointment of commissioners of estimate and assessment; his abutting land still being liable under such section for the due and fair proportion of the awards that may be made for buildings as a part of the expenses of opening the residue of the street.

Appeal from Special Term, Kings County.

Application of the city of New York relative to acquiring land, etc., for the purpose of opening Avenue L. in the borough of Brooklyn. From an order appointing commissioners of estimate and assessment, the Westminster Heights Company appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH and MILLER, JJ.

Alexander McKinny, for appellant.

James F. Quigley, for respondent.

HIRSCHBERG, P. J. On April 3, 1903, the board of estimate and apportionment of the city of New York, pursuant to section 970 of the Greater New York charter (chapter 378, p. 342 Laws 1897, as amended by chapter 466, p. 1184, Laws 1901), passed resolutions directing the corporation counsel to take the necessary legal steps for the opening and extending of Avenue L, in the borough of Brooklyn, from the easterly side of Nostrand avenue to the westerly side of Flatbush avenue. The resolutions duly recited that the board deemed it for the public interest that the title to the lands and premises required for the opening and extension of the avenue should be acquired by the city; and the corporation counsel was therein requested to make application for the appointment of commissioners of estimate and assessment, and to take the necessary proceedings in the name of the city to acquire title "wherever the same has not heretofore been acquired." The application for the appointment of commissioners of estimate and assessment was made at Special Term in Brooklyn on June 25, 1904, and on the 26th day of September following the order appealed from was made granting the motion for the appointment of the commissioners. It recites the fact that the motion was opposed by the appellant, but the only paper submitted by the appellant on the motion was an affidavit praying that the proceedings be "amended by excluding therefrom that portion of Avenue L between the easterly side of Nostrand avenue and the center line of East Thirty-Fourth street." The portion of Avenue L referred to was owned in fee by the appellant, but some time before the return day of the motion it had deeded the land to the city, pursuant to the provisions of section 992 (page 355) of the charter, supra, and claimed that in consequence of such conveyance the title had vested in the city, and the land was wholly free from the operation of the proceedings. The record does not disclose the time when the deed was delivered to the corporation counsel, but it appears to have been assumed by the court that the delivery was subsequent to the passage of the resolutions of the board of estimate and apportionment. On that assumption the court held that the appellant could not be relieved from assessment for the expense of opening the residue of the street by conveying to the city its land required for the purposes of the improvement, unless the conveyance was made before any proceedings whatever were taken by the municipal authorities, and before the action of the board of estimate and apportionment.

I think that the court was in error in holding that the appellant's deed was too late if tendered after the institution of the proceedings. It seems to have been in time, if delivered before the appointment of the commissioners of estimate and assessment. The question is considered in the matter of the application of Westminster Heights Company for a peremptory writ of mandamus against John J. Delany, corporation counsel, decided herewith (95 N. Y. Supp. 247), and need not

be further discussed in this opinion. Nevertheless it was the duty of the court to grant the motion for the appointment of the commissioners, as there were other property owners interested who had not deeded to the city, and inasmuch as by the terms .of section 992 of the charter, supra, the appellant, notwithstanding a valid and timely cession of its land to the city, would still be liable in the proceedings to an assessment for "the due and fair proportion of the awards that may be made for buildings" as a part of the expense of opening the residue of the street. It is true that the section of the charter referred to further provides that after the making and acceptance of the conveyance no proceedings to open the lands so conveyed shall be taken or maintained; but it does not appear that the appellant's deed was ever accepted, while every inference points to the contrary. In any event the appellant is not aggrieved, but may establish the facts before the commissioners in support of its claim to exemption from assessment beyond the proper proportion of any awards which may be made for buildings

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except BARTLETT, J., not voting.