In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Boulevard from Vernon Avenue and Broadway to Nott Avenue, etc.

P. & Z. REALTY CORPORATION, Appellant; THE CITY OF NEW YORK, Respondent.

Second Department, December 6, 1918.

Municipal corporations — city of New York — street opening proceeding — exemption from assessment under section 992 of Greater New York charter — conveyance must be made under said section prior to appointment of commissioners — city not estopped by assurance of its corporation counsel that exemption could be secured by conveyance after appointment of commission — when deeds not regarded as a sale to city — authority of court to reopen street opening proceeding.

The exemption of lands from assessment for street improvements under section 992 of the Greater New York charter, exists only when the lands have been deeded to the city prior to the appointment of the commissioners.

The city is not estopped from disallowing the benefit of said exemption by the fact that its corporation counsel accepted deeds from the owner and practically assured it that it would thereby secure such exemption, as said owner was bound to know the law and the limitation imposed by said section 992.

The arrangement with the corporation counsel and the deeds given thereunder may not be regarded as a sale to the city of the land required for the street opening.

The court has inherent authority under the exercise of its discretion to reopen a street opening proceeding if it be convinced that by the misrepresentation of the city's representative the owner was led to forego its right to appear before the commission or the court on the application to confirm.

APPEAL by the petitioner, P. & Z. Realty Corporation, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 11th day of October, 1917, denying its motion to amend a prior order confirming the report of commissioners making an assessment against certain lots in this proceeding.

*Lawrence E. Brown*, for the appellant.

*Joel J. Squier* [*William P. Burr, Corporation Counsel*, and *James Regan Fitz Gerald* with him on the brief], for the respondent.

MILLS, J.:

The material facts, which are undisputed, are, briefly stated, the following.

On March 31, 1905, the board of estimate and apportionment passed a resolution for the taking of land for the opening of a street called " The Boulevard," between certain stated termini in the borough of Queens. On September 29, 1905, commissioners of estimate and assessment for that matter were appointed, who on December 14, 1905, took and filed their oaths. April 20, 1906, the said board passed a resolution providing that title to said land should vest in the city on July 2, 1906. On December 21, 1914, the report of said commissioners was by order of this ·court duly confirmed. Such report contained the assessments in question, which aggregated the sum of $5,362.58. It appears by the replying affidavit submitted in support of the motion that, aside from the objections raised herein, the lots were .liable to assessment in the amount of $1,527.29, so that the petitioner's objection in the proceeding is really that the assessments were excessive by the amount of $3,835.29. The then owner of the property, a predecessor in title of the appellant, in August, 1907, wrote a letter to the then corporation counsel of the city, asking that the owner might be permitted under section 992 of the charter to deed to the city the lands within the contemplated street. After considerable correspondence the said counsel replied on August 24, 1909, by a letter stating, in effect, that such deed might be made under said section. Thereupon the said owners did execute and deliver to the city, by the corporation counsel, such a deed. Some three years later the then corporation counsel complained that there was an inaccuracy in the description in said deed, and the then owner, at his request, executed and delivered to the city a deed of correction, dated August 14, 1913. The representatives of the city accepted and recorded both such deeds. Subsequent to the order confirming the said report the appellant learned that the

said lots had been so assessed, that is, precisely the same as though said deeds had not been given. The corporation counsel having declined to consent to the correction of the assessments claimed by the appellant, the motion to amend was made.

Evidently the theory of the motion was that by virtue of the said deeds the lots became exempt from such assessment by reason of the provisions of said section 992 of the city charter. The appellant here urges also that the said letter of the corporation counsel misled the owner into not appearing before the commissioners or the court to oppose the confirmation of the report, and that, therefore, the city should now be held estopped from claiming that the exemption allowed by said section was not accomplished by the giving and the acceptance of the deeds.

The main contention of the appellant here is that by the giving and acceptance of said deeds the lots became relieved from such assessment under the provisions of said section of the city charter. To this contention the respondent replies that the said deed of cession was made in December, 1909, and recorded by the city on May 7, 1910, and that at those times the said owner had no title to the bed of the street to convey, as the same had already been acquired by the city on July 2, 1906, through the said resolution of the said board of estimate and apportionment.

Said section 992 provides that the cession by such a deed must be made " before the appointment of the commissioners " in order to afford exemption from such assessment, and these commissioners were appointed on December 14, 1905. Upon its face such response seems absolute and complete. Against it the appellant urges the fact that the record does not show that the said resolution of the board of estimate and apportionment was passed by a three-fourths vote as required by section 990 of the city charter (Laws of 1901, chap. 466, as amd. by Laws of 1903, chap. 418) in order to fix a time of vesting before the confirmation of the report of the commissioners. It seems to me that this claim is correct to the extent that it cannot be presumed that such a resolution was so passed where the record says merely that the resolution was adopted by the board, as is the case here. (*Matter of City of Buffalo,*

78 N. Y. 362.) · I do not perceive, however, how this situation meets the case, because the exemption claimed under said section 992 exists only when the land has been deeded to the city prior to the appointment of the commissioners. Here such deed was given and accepted some three years after that event.

The further contention of the appellant that the city should be held estopped by the fact that its corporation counsel accepted the deed of cession and practically assured the then owner that it would thereby secure such exemption, appears to me not to be well made. The appellant or its predecessor in title, the then owner, was bound to know the law and the limitation imposed by said section 992, i. e., " before the appointment of the commissioners."

The appellant also contends that its position here may be sustained under section 994 of the city charter, upon the ground that the arrangement with the corporation counsel and the deeds given thereunder may be regarded as the sale to the city of the land required for the street opening. The case, however, at least to my mind, falls, if at all, clearly within said section 992, as being that of a voluntary cession without consideration instead of that of a sale. The distinction between the two cases is clear and marked. (*Matter of Westminster Heights Co.*, 107 App. Div. 577; affd., without opinion, 185 N. Y. 539.) It is to be noted that when the case just cited arose, said section 992, as it then stood, did not contain the express limitation " before the appointment of the commissioners " (Laws of 1901, chap. 466, § 992, as amd. by Laws of 1904, chap. 370), whereas that section was by chapters 152 and 658 of the Laws of 1906 amended by inserting that express limitation. It is quite possible that such amendment was made to settle the doubt expressed in the latter part of our opinion in that case (107 App. Div. 581), that is, whether or not the broader limitation in section 994 should be imposed by construction upon section 992, which then contained no express time limitation. It seems to me manifest that the instant case is here to be tested by section 992, and that under the express terms of that section the cession, to be effective as creating the exemption, had to be made before the appointment of the commissioners.

It is no doubt regrettable that the corporation counsel made the mistake of practically representing that the deeds of cession would be operative under section 992, as creating the exemption. If, as intimated, the owner of the lots, relying upon that representation, failed to appear before the commissioners in reference to the assessment, as it had the right to do, and also before the court on the motion to confirm the report, as seems to be intimated, it would appear that there ought to be some way of opening the matter so as to give to the owner the opportunity to be heard. Appellant's brief, however, does not indicate any method of attaining that result. I infer, moreover, that the only objection which the appellant could have urged before the commissioners or before the court on the motion to confirm is the one here urged by it, namely, that of exemption under said section 992, and that, therefore, perhaps, this particular relief is not discussed in appellant's brief.

The learned justice at Special Term, in denying the motion, filed a memorandum stating: " The court has not authority to grant the relief at this time." I do not concur in that view, as it seems to me that the court has inherently authority in the exercise of its discretion to reopen the matter if it be convinced that by the misrepresentation of the city's representative the owner was led to forego its right to appear before the commission or the court on the application to confirm. I think that the court had and has inherently the power to relieve from such a default, but that such question appears to me here to be simply abstract, as it is apparent, as above stated, that the owner has no objection upon the merits to the assessments to present, and so has suffered no harm from its default.

I advise, therefore, that the order appealed from be affirmed, with ten dollars costs and disbursements.

THOMAS, RICH, PUTNAM and KELLY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.