for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Dickens (Franklin) Avenue from Its Junction with Far Rockaway Boulevard to Regina Boulevard; Regina Boulevard (Elsmere Place-Oak Place-Sheridan Boulevard) from Dickens (Franklin) Avenue to the City Line; Far Rockaway (Atlantic) Boulevard from the Westerly Line of Beach Thirty-fifth Street (Grandview Avenue) to Dickens Avenue, and Gibson (Smith) Street from Far Rockaway Boulevard to Cornaga Avenue and for the Widening of Amstel Boulevard (Mermaid Avenue) on Its Northerly Side at Beach Thirty-fifth Street, in the Borough of Queens, City of New York. CROSS BAY CONSTRUCTION CO., INC., Respondent.*— Amended final decree reversed and set aside on the law and the facts, with costs, and the motion for the amendment of the final decree entered on July 10, 1930, denied, with ten dollars costs. The decree entered July 10, 1930, was final. (Matter of City of New York [Elm Street], 239 N. Y. 220, 225.) The Special Term was without power, on the showing made herein, to amend the final decree (Herpe v. Herpe, 225 N. Y. 323), there being no showing sufficient to sustain a holding that there had been any irregularity or fraud that would warrant a setting aside of the final judgment in whole or part. The claimant had adequate opportunity to adduce on the hearing of objections to the tentative decree that which it adduced on the unauthorized rehearing. The city was not estopped by any acts of the assistant corporation counsel. (Matter of City of New York [Boulevard], 185 App. Div. 315; Matter of Opening Belmont Street, 128 id. 636, 638; Callahan v. Mayor, etc., 66 N. Y. 656; Robinson v. Oceanic Steam Nav. Co., 112 id. 315, 324; Buckles v. State of New York, 221 id. 418, 424.) Moreover, it appears that the granting of the motion for a rehearing of matters disposed of in the final decree was opposed by the corporation counsel and the amended decree entered herein was entered on a recital of opposition by the corporation counsel. The claimant had an opportunity to present that which was adduced on the unauthorized rehearing when the hearing of objections to the tentative decree was had. The court's rulings, as contained in the final decree, could be reviewed only by an appeal or on a motion to set aside on a showing of fraud, irregularity or mistake. The court was without power to sit in appellate review of its prior determinations after the entry of the final decree. Kapper, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.

In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossings at Grade of the Railroad Operated by ERIE RAILROAD COMPANY (PINE ISLAND BRANCH) and Three Highway Grade Crossings of West Main Street (County Highway Nos. 1329 and 95-A) in the Village of Goshen and Town of Goshen, Orange County. Proceeding under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Mathews Street and the Railroad Operated by ERIE RAILROAD COMPANY (PINE ISLAND BRANCH) in the Village of Goshen, Orange County. (Consolidated.) ERIE RAILROAD COMPANY, Appellant; STATE DEPARTMENT OF PUBLIC WORKS and Others, Respondents.— Determinations of the Public Service Commission unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of FRANK P. REIZIZ, Petitioner, for a Certiorari Order against WILLIAM SCHROEDER, JR., and LEONARD C. L. SMITH, Members of

---

* Affd., 262 N. Y. 699.