In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquir-
ing Title, Wherever the Same Has Not Been Heretofore Acquired for the Same
Purpose to the Real Property Required for the Opening and Extending of Northern
Boulevard (Broadway-Jackson Avenue), from Auburndale (Cemetery) Lane to
the Easterly Boundary Line of the City of New York, Subject to the Rights, if
Any, of the New York and North Shore Traction Company, in the Borough of
Queens, City of New York, as Amended, etc. THE CITY OF NEW YORK, Appel-
lant; JOHN J. WALSH, Respondent.— Order amending a final decree in condemna-
tion proceedings *nunc pro tunc* as of the original date, so as to make the award for
one of the parcels of land therein described payable to the claimant as owner,
instead of to an unknown owner, with the same effect as though the claimant had
been designated therein as the owner of that parcel on the making of the decree,
reversed on the law, with ten dollars costs and disbursements, and motion denied,
with ten dollars costs. Appeal from order denying the motion of appellant to
vacate and set aside the order so amending the final decree dismissed. We are of
opinion that the Special Term was without power, on the showing made herein,
to amend the final decree, there being no showing sufficient to sustain a holding
that there had been any irregularity or mistake justifying the amendment. (*Matter
of City of New York* [*Dickens Avenue*], 238 App. Div. 850; affd., 262 N. Y. 699.)
The decree was final and conclusive as to the owners of the real property therein
mentioned as well as to the city of New York (Greater New York Charter, § 1003)
and its finality was recognized subsequently by all such parties. Lazansky, P. J.,
Kapper, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application for a Compulsory Accounting in the Estate of
JEAN ADRIANCE DOLE, Deceased. FRANCIS H. MOSES and Another, Respondents,
Appellants; FREDERICK DOLE, Petitioner, Respondent.— Order granting motion
of an executor to restrain his coexecutors and their attorneys from disposing of
any dividends that may be received in behalf of the estate from the assets of an
estate in receivership and directing that all dividends so received be deposited with
the New York Trust Company. There is no proof in the record of any misconduct
by the appellants or either of them in the management of the estate and in our
opinion there was an abuse of discretion on the part of the surrogate in making
the order under review. However, on the argument of this appeal, appellants'
counsel consented to a modification of the order by providing that the respondent,
one of the three executors of the will of the decedent, may participate in the admin-
istration of the estate, which right he voluntarily relinquished and did not seek
to regain, by request or demand, until he made this motion in the Surrogate's
Court. The order of the Surrogate's Court of Rockland county is, therefore,
modified by providing that all moneys received for the estate be deposited in the
New York Trust Company, No. 100 Broadway, borough of Manhattan, New
York city, in the joint names of the appellants and the respondent, to be withdrawn
therefrom only upon the check or draft of the said three executors, and as so modified
the order is affirmed, without costs. Lazansky, P. J., Young, Carswell, Scudder
and Tompkins, JJ., concur.