■ In the Matter of EDLU CUSTOM BUILDERS, INC., Respondent, against JOHN C. YOUNG et al., Constituting the Board of Zoning Appeals of the TOWN OF HEMPSTEAD, Appellants.— In a proceeding to review a determination of the board of zoning appeals of the Town of Hempstead, which (1) affirmed the denial by the chief building inspector of the town of an application for a building permit, and (2) denied an application for a variance, the appeal is from an order of the Special Term which annulled the determination and directed the issuance of the permit. Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of JEROME HELLER et al., Copartners Doing Business under the Name of BEDFORD AFFILIATES, Appellants, against FRANK BOJENSKI et al., Constituting the Board of Zoning Appeals of Glen Cove, Nassau County, Respondents.— Proceeding to review a determination of a zoning board denying an application for a variance of setback and building area provisions of a local zoning ordinance and for a permit to use a parcel for restaurant purposes. The appeal is from an order of the Special Term denying the petition and dismissing the proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ In the Matter of the INCORPORATED VILLAGE OF HEMPSTEAD, NASSAU COUNTY, Respondent, Relative to Acquiring Title to Real Property Required for the Widening of Orchard Street and Other Streets in said Village. FEDERATED DEPARTMENT STORES, INC., Appellant.— In a street widening proceeding, initiated under article 14 of the Village Law, Federated Department Stores, Inc., appeals from an order denying its application to open and amend the final decree by inserting provisions therein directing the payment of additional interest on the awards made to appellant as owner of certain damage parcels, and further directing the refund to appellant of its pro rata share of allegedly excess costs and charges entered by the respondent village against appellant and others as owners of property situated in the area which was assessed for benefit. Appeal dismissed, with $10 costs and disbursements. The order sought to be reviewed, being neither the final decree nor the confirmation of report mentioned in the statute, is not appealable (Village Law, § 321-*l*). We have, however, considered the merits. If the appeal were not being dismissed, the order would be affirmed. In our opinion, under the circumstances of the proceeding at bar, the Special Term was without power to alter the final decree, in the respects urged by appellant, under the provisions of section 321-k of the Village Law, where six months had expired between the entry of the final decree and the making of appellant's application. (Cf. *Matter of City of New York* [*Dickens Ave.*], 238 App. Div. 850, affd. 262 N. Y. 699; *Matter of City of New York* [*East Riv. Drive*], 194 Misc. 611; 29 C. J. S., Eminent Domain, § 313.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.